*THE NAVAJO NATION*
Plaintiff-Appellee
*vs.*
*Casey MORGAN*
Defendant-Appellant
In the Supreme Court of the Navajo Nation

No. SC-CR-02-05

November 8, 2005

R. Linda Riley James, Crownpoint, Navajo Nation, for Appellant.

Before YAZZIE, Chief Justice, and FERGUSON, Associate Justice.

After the Defendant-Appellant had been incarcerated for over a month, the Crownpoint District Court denied his multiple requests to withdraw his guilty plea. The defendant appeals that denial in this case. We conclude that his guilty plea was not entered knowingly and intelligently, and remand the case for further proceedings.

I

The facts are taken from Appellant's and the record.[1] Appellant Morgan (Morgan) was arrested in the early morning and arraigned later the same day. The Office of the Prosecutor filed a criminal complaint charging him with aggravated battery. The Crownpoint District Court arraigned Morgan with another defendant also charged for conduct arising from the same incident. The court first explained to Morgan's co-defendant that he could plead guilty, not guilty, or no contest, but

[1] The Office of the Prosecutor did not file a brief or otherwise indicate its interest in participating in the appeal. (The Court also notes that the Prosecutor did not file a response to the Appellant's motion for reconsideration at the trial level, even after the Prosecutor had asked for an extension of time to respond.) The literal language of Rule 5(c) of the Rules of Appellate Procedure appears to require the Court to hold an oral argument in all criminal appeals: "If the appeal is on a question of law... the Court shall decide the appeal entirely on the record, the briefs, and the oral argument." Further, Rule 10(d) indicates that an appeal may be heard on the briefs alone "[i]f both parties or their counsel so stipulate," anticipating both parties' participation. The Court concludes, however, that oral argument is of limited value when one party declines to participate. Therefore, in the absence of one party, the Court treats the appeal as one on the record. *See Cleveland v. Navajo Nation*, 3 Nav. R. 113, 113-14 (Nav. Ct. App. 1982) (in absence of Appellee brief Court may "in its discretion, handle the matter in a manner most consonant with justice and its own convenience."); *cf* Rule 12(c), Navajo Rules of Civil Appellate Procedure (allowing case without Appellee brief to be heard on the record). In this case, the Court therefore reviews the brief and the record without the benefit of the Prosecutor's views. The Court stresses to the Office of the Prosecutor and the Attorney General the importance of participation in appeals, as their responsibilities to the Navajo people should mandate them to take an interest in each case before this Court.

did not explain what those terms meant. When the court arraigned Morgan, it did not inform Morgan of the various pleas at all. The court described the allegations in the complaint to Morgan. The court also informed Morgan that the offense of aggravated battery allowed a sentence of up to one year or a fine up to $5000. Morgan then pled guilty. The court did not ask Morgan about the allegations in the complaint after the plea, but immediately placed him into temporary custody pending a sentencing report.

Four days after his arraignment, Morgan filed an Inmate Request Form with the court requesting to withdraw his plea. The court did not respond.[2] The Court finally responded after Morgan obtained an attorney and the attorney filed a formal motion to withdraw the guilty plea. A month after Morgan's initial request to change his plea, the court denied the motion. Morgan filed a motion for reconsideration, which the court did not rule on.[3] Morgan then filed his appeal.

## II

The issue in this case is whether the defendant's guilty plea was knowingly and intelligently made.

## III

The Court first notes that this appeal is proper under the Rule of Appellate Procedure. Rule 13 allows an appeal from the denial of a motion to change a guilty plea. The Court therefore concludes the appeal is properly filed.

## IV

Waivers of rights by criminal defendants must be knowingly and intelligently made to be valid. *Eriacho v. Ramah Dist. Ct.*, 8 Nav. R. 617, 625 (Nav. Sup. Ct. 2005) (waiver of jury trial); *Navajo Nation v. Rodriguez*, 8 Nav. R. 604, 613 (Nav. Sup. Ct. 2004) (waiver of right against self- incrimination); *Curley v. Navajo Nation*, 8 Nav. R. 269, 273 (Nav. Sup. Ct. 2002) (waiver of trial through no contest plea); *Stanley v. Navajo Nation*, 6 Nav. R. 284, 289 (Nav. Sup. Ct. 1990) (waiver of trial through guilty plea). We recently augmented this rule by applying the *Diné bi beenahaz'áanii* concept of *házhǫ́'ógo. See Eriacho*, 8 Nav. R. at 625–26; *Rodriguez*, 8 Nav. R. at 10-11. Under this analysis, courts and other governmental officials must proceed carefully and patiently, clearly explaining a defendant's rights before a waiver is considered valid. *Eriacho*, 8 Nav. R. at 626; *Rodriguez*, 8 Nav. R. 615. The question is whether the Crownpoint District Court followed this principle in accepting the guilty plea of Mr. Morgan.

2 In not responding, the court did not treat Morgan's request as a petition for a writ of *habeas corpus* as instructed by this Court in *Curley v. Navajo Nation*, 8 Nav. R. 269, 273 (Nav. Sup. Ct. 2002).

3 A motion for reconsideration is considered denied if the court fails to rule on it within five days of its filing. *Help v. Silvers*, 4 Nav. R. 46, 47 (Nav. Ct. App. 1983).

Though Morgan identifies several reasons that allegedly show an invalid guilty plea, the Court focuses on three that together justify reversing the Crownpoint District Court. First, based on the transcript, the Crownpoint District Court did not explain the different types of pleas and their effect. The court merely stated to Morgan's co-defendant, but not to Morgan, that he could plead guilty, not guilty, or no contest, with no explanation of what these terms mean. The Court concludes this omission is inconsistent with *házhǫ́'ógo*, as, in the absence of some explanation, a defendant may not know the meaning of these technical legal terms, and therefore his or her choice to forego trial cannot be "knowing" and "intelligent." *See Curley*, 8 Nav. R. at 273 ("Defendants have a right to know what their pleas mean."); *cf. Eriacho*, 8 Nav. R. at 626 (defendant's waiver of jury trial not valid when court failed to notify defendant of requirement to request jury within fifteen days of arraignment). Second, the transcript shows that the Crownpoint District Court did not accurately state the possible sentence Morgan faced. The offense of aggravated battery allows a sentence of up to one year, a fine of up to $5,000, or both. 17 N.N.C. § 317(B) (2005) (emphasis added). The court stated the sentence was "one year in jail or five thousand dollars fine," Transcript at 5, and therefore did not inform him he could be both jailed and fined. Fundamental notions of fairness embedded in the Navajo concept of due process require correct notice of the possible sentencing options before a plea is valid. *See Thompson v. Greyeyes*, 8 Nav. R. 476, 487 (Nav. Sup. Ct. 2004). Third, the Crownpoint District Court did not assure itself that the guilty plea had a factual basis by reviewing the allegations of the complaint with Morgan. Defendants have the right to know what a plea of guilty means, and therefore judges must review the complaint with the defendant and discuss the elements of the crime and the facts supporting them. *Curley*, 8 Nav. R. at 273. The court did not go over the elements of the offense or the alleged facts supporting them with Morgan, and therefore could not "be satisfied that there [was] a factual basis for [the] plea of guilty." *Stanley*, 6 Nav. R. at 286. For these reasons, the plea was invalid.

Based on the above, we REVERSE the Crownpoint District Court's denial of Morgan's request to withdraw his plea and VACATE his guilty plea. The court shall substitute the guilty plea with a non-guilty plea. We REMAND this case for further proceedings.