*727
OPINION

This case is before the Court after a remand to the Shiprock District Court to make findings of fact and conclusions of law to support the Defendant’s three convictions. Based on our review, we vacate all three convictions.
I
This case arises out of criminal convictions of Appellant Ryan Badonie (Badonie) by the Shiprock District Court (District Court). While, as discussed below, some of the alleged facts in the District Court’s findings are disputed, the parties do not dispute several key events. Badonie was involved in a collision while attempting to pass another vehicle near Littlewater, resulting in the death of one of the passengers in the other vehicle. When two Navajo police officers arrived on the scene, one of the officers performed three sobriety tests on Badonie. One of those tests was the horizontal gaze nystagmus test (HON). According to the officer, Badonie passed two of the three tests, but did not pass the HGN test, and therefore was arrested for driving under the influence of intoxicating liquor. Upon cross-examination at trial, the officer stated he was taught how to perform the HGN test, but did not know the scientific basis of the HGN test. None of the witnesses on the scene testified that Badonie smelled of alcohol. The officer who performed the HGN test did not state that Badonie smelled of alcohol. However, after Bado-nie’s arrest, and after sitting in the police vehicle for approximately three hours, the other officer on the scene testified that he smelled alcohol when he removed Badonie from his police vehicle. Badonie never took a breath or blood test.
Badonie was charged with and convicted of three offenses: 1) driving under the influence, 14 N.N.C. § 707, 2) reckless driving, 14 N.N.C. ⅜ 708, and 3) homicide by vehicle, 14 N.N.C. § 703. The District Court issued a judgment and mittimus lor each conviction, but did not include findings of fact or conclusions of law. Badonie appealed his convictions to this Court.
In an opinion, this Court remanded the case back to the District Court on July 15, 2004, instructing the District Court to make findings of fact and conclusions of law. Navajo Nation v. Badonie, No. SC-CR-01-03. The District Court issued its findings and conclusions on July 14, 2005, two days shy of a full year later. Between the remand and the completion of the findings and conclusions, Badonie requested several times to the District Court that it complete its findings and conclusions so that he could appeal the case. Appellee Navajo Nation (Nation) also attempted to move the case forward by filing a petition for a writ of mandamus and supervisory control to compel the District Court to submit the record, which this Court denied by memorandum decision. Navajo Nation v. Shiprock District Court, No. SC-CV-20-05 (Nav. Sup.Ct. June 24, 2005). This Court denied the petition because it found that the District Court had already filed the court record with this Court before the Nation had filed its petition.
The findings of fact and conclusions of law include several errors. The driver of the other vehicle, Johnson Watchman, is referred to as Johnson Washburn throughout the document. The findings also state that one of the officers smelled alcohol on Badonie when he arrived at the scene. Finally, the findings state that Badonie failed “the three tests,” not just the HGN test.
After the issuance of the findings and conclusions, Badonie appealed again to this Court. The Court held oral argument on-March 1, 2006. At oral argument, the *728 Nation stated that Navajo Nation police officers are only trained to administer the test, and are not told the scientific basis of the test. Further, the Nation stated that an alleged failure of the HGN test might not be reliable if the person passed the other two tests administered by a police officer.
II
The issues in this case are 1) whether the defendant’s right to a speedy trial was violated when a district court took nearly a year to make findings of fact and conclusions of law after a remand by the Supreme Court to make such findings and conclusions; and 2) whether evidence of the failure of a horizontal gaze nystagmus (HGN) test, when no evidence on its validity was submitted at trial, can be the sole source of evidence to support a conviction of driving while intoxicated.
III
Each of the issues presented are legal questions. The Court reviews legal questions de novo, with no deference given to the district court’s decision. Navajo Nation v. Arviso, No. SC-CV-14-05, 6 Am. Tribal Law 675, 676, 2005 WL 6235954, at *1 (Nav.Sup.Ct.2005).
IY
Badonie first argues that the length of time this case has taken violates his right to a speedy trial under the Navajo Bill of Rights. 1 N.N.C. § 6 (2005). Badonie asserts that the time it took for the Shiprock District Court to make its findings and conclusions on remand, about a year, prejudices his ability to defend himself After remand, as the Nation noted in its oral argument, the Office of the Prosecutor itself wanted the District Court to move the case forward, and filed a petition for a writ of mandamus or supervisory control with this Court to try to accomplish it.
Badonie argues, and at oral argument the Nation agreed, that a criminal defendant’s right to a speedy trial should extend to certain post-trial actions by a districi court, including, at least, the completion of findings and conclusions to support a conviction. The Court agrees, and holds that the lengthy delay between the remand to the District Court with instructions to make findings and conclusions and the ac tual completion of that task prejudiced Ba dome, and violated his right to a speedy trial.
In determining whether the right to a speedy trial has been violated, the Court applies four factors: 1) the length of the delay, 2) the reason for the delay, 3) the defendant’s assertion of the right, and 4) the prejudice to the defendant caused by the delay. See Navajo Nation v. McDonald, 6 Nav. R. 1, 11 (Nav.Sup.Ct.1992): Navajo Nation v. Bedonie, 2 Nav. R. 131, 139 (Nav.Ct.App.1979). The Court interprets these factors in light of Dine bi beenahaz’áanii See Navajo Nation v. Rodriguez, No. SC-CR-03-04, 5 Am. Tribal Law 473, 477-78, 2004 WL 5658107 at *3-4 (Nav.Sup.Ct.2004) (interpreting Navajo Bill of Rights under Dine bi beenahaz’áanii); Duncan v. Shiprock District Court No. SC-CV-51-04, 5 Am. Tribal Law 458, 465-66, 2004 WL 5658109 at *5-6 (Nav.Sup.Ct.2004) (same). They are related factors and the Court must consider them together with the relative circumstances, “engaging in a difficult and sensitive balancing process.” Bedonie, 2 Nav. R. at 142. Further, “the right of a speedj trial is necessarily relative,” as “it is'consistent with delays and depends upon circumstances [and] secures rights to a defendant, [but] does not preclude the right' of public justice.” McDonald,, 6 Nav. R. at 11.
*729 Considering the four factors in this case, liadonie’s speedy trial right was violated. The District Court took about a year to comply with the Supreme Court’s remand, which specified that the findings and conclusions were necessary. Nothing ⅛ the record explains why the District Court took so long and no effort was made to provide any justification. Further, as noted above, Badonie several times asserted his right to a speedy trial, and even the Navajo Nation sought to move the case forward by seeking intervention by this Court. The first three factors therefore support Badonie’s argument.
 The fourth factor, prejudice to the defendant, is also clearly shown. The fourth factor reflects that the speedy trial right exists to protect the criminal defendant’s ability to defend himself or herself, primarily by preventing the loss of witnesses, their memory of events, or other evidence through the passage of time. Bedonie, 2 Nav. R. at 141-42. As in this Case, a criminal defendant can also be prejudiced in the ability to present his or her case on reconsideration in the district Court, or on appeal in the Supreme Court, if there is a long period of time between a trial and the issuance of findings and conclusions supporting the convictions. The possibility that, due to the passage of time, the judge might reconstruct his or her findings and conclusions from memory, tad not from the actual evidence presented, requires that a judge complete findings and conclusions within a reasonable time after trial. A year to comply with the Supreme Court’s remand is not reasonable.
⅛ Furthermore, the findings and conclusions in this case demonstrate exactly why the right to a speedy trial exists, as both parties at oral argument pointed out aspects of those findings and conclusions that show the District Court judge’s faulty memory of the trial. One key witness, Johnson Watchman, the driver of the other vehicle, is referred to as Johnson Wash-burn throughout the document.[1] More importantly, the findings state that one of the police officers smelled alcohol on Mr. Ba-donie upon arriving at the scene, a statement even the Nation does not claim was actual evidence presented at trial. Further, the findings suggest Badonie failed “the three tests” administered to him, Findings and Conclusions at 7, though both Badonie and the Navajo Nation stated at oral argument that he only allegedly failed the HGN test. These errors are clear even from a cursory review of the findings and conclusions, and, with the possibility that there may be other errors, Badonie is clearly prejudiced, as he cannot effectively defend his case on appeal.
Based on the four factors, Badonie’s right to a speedy trial was violated, and his convictions must be vacated.
V '
Though the speedy trial violation itself justifies vacating the convictions, the Court believes it must note one other argument asserted by Badonie: that the HGN test he allegedly failed cannot support his convictions. Though neither party clearly defined or described the HGN test, Black’s Law Dictionary defines it as “[a] test for intoxication ... in which the suspect’s eyes are observed to detect involuntary jerking movements as they follow horizontal motion.” Black’s Law Dictionary 741 (7th ed.1999). This argument must be noted because the Court was informed at oral argument that this test is routinely performed by the Nation’s police officers and *730 might be used to establish probable cause to arrest and/ or evidence to prove guilt. This Court has never addressed the admissibility of HGN as evidence of intoxication.
Like other tests or methods used to establish proof of the elements of a criminal offense, there must be evidence of the validity of HGN if it is used to support a conviction.[2] See Navajo Rules of Evidence 7, 28. The only witness called to testify about HGN was the police officer who administered the test to Badonie, and who, as revealed by cross-examination by Badonie’s counsel, was taught how to perform the test, but did not know the scientific basis of the test. At oral argument, the Nation stated that Nation police officers are only trained to administer the test, and confirmed that officers are not told its scientific basis. Further, the Nation stated that an alleged failure of the HGN test might not be reliable if the person passed the other two sobriety tests administered by a police officer. Therefore, no evidence on the scientific basis of the test was presented to the District Court, and the Nation itself' questioned its validity in the, context of this case.
Though the Court cannot ruh-whether HGN tests are generally admissible, the Court holds that, without any evidence of its scientific basis, it alone cannot support a conviction for DUI. In the absence of evidence on the validity of HGN. district courts may not rely on HGN as the sole evidence to support a conviction. The Court does not mean to say that it is not admissible for any purpose, but only that, without some evidence of its validity, it cannot by itself justify a conviction. If, in a future case, the Nation submits the results of an HGN test and evidence of if-validity, and if the defendant believes the use of HGN to be improper, he or she can appeal to this Court to review the ultimate question of whether HGN is ever admissible in the courts of the Nation to support a conviction. Until then, based on the holding in this case, HGN cannot be accepted as the sole evidence supporting a DU! conviction. As the only evidence of Bado-nie’s intoxication was his alleged failure of the HGN test,[3] the conviction for DIJI was invalid.[4]
*731 VI
Based on the above, Badonie’s convictions are hereby VACATED and the criminal cases DISMISSED.

. The name of the person who died m the accident is Flora A. Washburn. The District Court obviously confused the names of people involved in the accident.

. The Court intentionally uses the term “validity" and not "reliability" so as not to suggest that district courts must apply the test for admissibility of scientific evidence announced by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Whether the test announced in Dau-bert or some other test applies has not been established by this Court. As it was not argued by the parties, and is not necessary to decide this case, the Court makes no comment on what type of test the district courts should apply to establish the validity of HGN. The Court leaves that to the district courts to decide in the first instance.

, The Nation points out that the findings also include the testimony of one of the police officers that he smelled alcohol when removing Badonie from his police vehicle after he had been arrested for failing the HGN test. Curiously, no other witness alleged Badonie smelled of alcohol at any other time, including the officer who actually performed the: HGN test, which, by definition, required the officer to be very close to Badonie to admini-ter the test. Regardless, mere smell of alcohol does not show intoxication, Navajo Nation v. Carty, 1 Nav. R. 296, 298 (Nav.Ct.App. 1978), and therefore that allegation by the police officer does not change the conclusion that the HGN result was the only evidence supporting the conviction.

.Though at oral argument Badonie referred to a “domino effect" from the DUI conviction to the other convictions for reckless driving and homicide by vehicle, they are not nece-saria inseparable. Even if the DUI conviction is vacated due to the inadmissibility cl the HGN test, there might be sufficient evidence to separately uphold the reckless dating and homicide by vehicle convictions, if, independent of Badonie’s alleged intoxication, he otherwise drove recklessly and *731 caused a death. As the Court vacates all three convictions for a violation of his right to a speedy trial, it is not necessary to decide whether the lack of any evidence of intoxication, though clearly requiring the vacating of the DU I conviction, necessarily means the two other convictions lack supporting evidence.