OPINION

This case concerns whether the Navajo Housing Authority (NHA) can file an eviction action against a mutual help homebuyer under the Forcible Entry and Detainer statute (FED). The Court rules that the FED statute is not applicable, and therefore the district court lacked jurisdiction over the case.
1
The relevant facts are as follows. The Clarks entered into a Mutual Help Occupancy Agreement (MHOA) with the Navajo Housing Authority in 2004 for a home in Coyote Canyon. The home is part of the Mutual Help Homeownership Opportunity Program. As discussed in more detail below, see Section IV, supra, a mutual help “homebuyer” enters into a MHOA with NHA, which allows the homebuyer the option to purchase the home when certain requirements are met.
Navajo Housing Authority filed an eviction action in the Crownpoint District Court (District Court) under the FED alleging violations of the MHOA. The Clarks filed a motion to dismiss, contending the District Court lacked jurisdiction over the FED action, because mutual help home-buyers are not “tenants” under the statute due to their property interest (equity) in the home. The District Court disagreed with the Clarks and denied the motion. The District Court agreed with the Clark’s claim that NHA had not properly complied with its own administrative policies with regard to notice. Lastly, the District Court ruled that there was insufficient evidence to prove criminal conduct that would be a violation of the MHOA.
Both parties appealed the District Court’s ruling. The Supreme Court initially dismissed both appeals for the lack of a transcript. The Clarks filed a motion *746 for reconsideration, which the Court granted. N HA did not seek reconsideration, and the Court did not reinstate its appeal.[1] The Court heard oral argument on March 27,2006.
II
The sole issue is whether a district court has jurisdiction under the Forcible Entry and Detainer statute to hear a petition for eviction against a mutual help homebuyer.
III
Whether the FED applies to mutual help homebuyers is a matter of statutory interpretation. It is therefore a question of law which the Court reviews de novo. Navajo Nation v. Badonie, No. SC-CR-06-05, 6 Am. Tribal Law 725, 727, 2006 WL 6168955, at *1 (Nav.Sup.Ct.2006). The Clarks argue that the statute’s language refers to “tenant,” “landlord,” and “rent” and therefore does not apply to mutual help home buyers, who, unlike tenants, are “homeowners” with an equity interest in the home. NHA disagrees, arguing that mutual help homebuyers are tenants and not “owners” unless and until they fully purchase their homes, and therefore may be evicted under the FED.
The question depends on the nature of a mutual help homebuyer’s interest in a home before he or she finishes paying for it. In Navajo Housing Authority v. Betsoi, this Court held that a mutual help homebuyer differs from an “ordinary tenant” because he or she has a “property interest” in the home that a tenant does not. 5 Nav. R. 55, 57 (Nav.Ct.App.1985); see also Fort Defiance Housing Corp. v. Lowe, No. SC-CV-32-03, 5 Am. Tribal Law 394, 397 n. 1, 2004 WL 5658062, *1 n. 1 (Nav.Sup.Ct.2004). While the Court declined to give a label to the interest mutual help homebuyers possess, the homebuyer’s “property interest” is clearly more than a tenant’s right to possess the property. Unlike tenants, a homebuyer 1) has the expectation of eventually purchasing the home; 2) must provide a “contribution” valuing $1500 and a “down payment;” 3) may assign his or her rights, including to a mortgagee to pay off the purchase price set by the agreement; 4) may make structural changes and additions with NHA’s approval; and 5) has' an interest in the equity accounts he or she contributes to during the term of the agreement. See Betsoi, 5 Nav. R. at 55-57; Mutual Help Occupancy Agreement, ¶¶ 3, 7.5, 8.2, 8.5, 9.1, 10.4.
The Court holds that the FED statute does not apply to mutual help homebuyers. The FED statute sets up a process for a “landlord” to remove someone who has no: right of possession or for a “tenant” to *747 remove someone who is interfering with his or her right of possession. See 16 N.N.C. § 1801 (2005) (defining “forcible entry” and “forcible detainer”); Navajo Nation v. Arviso, No. SC-CV-14-05, 6 Am. Tribal Law 675, 676-77, 2005 WL 6235954 at *1-2 (Nav.Sup.Ct.2005) (discussing purpose of statute and definitions of “forcible entry” and “forcible detainer” actions). As the Clarks observe, the statute authorizes, among other claims, an action by a “landlord” to evict a “tenant” for not paying “rent.” 16 N.N.C. § 1801(C)(1) (2005). However, by its plain language the FED does not cover disputes between two parties who each claim a property interest. See 16 N.N.C. §§ 1801, 1805(A) (in FED trials “[t]he merits of title shall not be inquired into.”) (2005).[2] Had the Navajo Nation Council intended the statute to apply to mutual help homebuyers, it could have defined “tenant” to include them and “title” to not include their property interest in their home.[3] Therefore, based on the plain language of the FED as currently in effect,[4] NHA cannot bring an action under the statute to remove the Clarks from their home. Instead, NHA must bring a breach of contract or foreclosure action, and follow the rules that apply to general civil actions.
IV
The effect of this ruling is that the Crownpoint District Court lacked jurisdiction over this case, and its judgment is null and void. The Court therefore VACATES the judgment. Importantly, the void judgment includes its decision on the merits of NHA’s claim that the Clarks violated their agreement. NHA may therefore re-file its claim under the procedure discussed above, and, assuming all other pleading *748 requirements are met, the previous ruling will not bar the district court from hearing the matter. See 46 Am.Jur.2d Judgments, § 593 (1994) (subsequent action not precluded if previous judgment was vacated or reversed by appellate court).

. The Court granted the motion for reconsideration because it concluded that the Clarks’ argument that the FED statute did not apply required the court to decide the merits of the appeal before it could apply either the appellate rules covering FED appeals or general civil appeals. See Rule 9(b), Navajo Rules of Civil Appellate Procedure (NRCAP) (requiring transcript in general civil appeals); 16 N.N.C. §§ 1807(A), 1808 (2005) (requiring appeal bond but not requiring transcript). Whether this case is an FED case or not affects the appellate jurisdiction of this Court, as the timing and bond requirements for FED appeals are jurisdictional. See Fort Defiance Housing Corporation v. Allen, No. SC-CV-01-03, slip op. at 5 (May 28, 2004) (appeal time); Fort Defiance Housing Corp. v. Lowe, No. SC-CV-32-03, 5 Am. Tribal Law 394, 397-98, 2004 WL 5658062 at *1-2 (Nav.Sup.Ct.2004) (appeal bond). The Court may suspend appellate rules limiting the Court’s jurisdiction over a certain type of case if it cannot deter-: mine that the case is governed by those rules until it decides the merits of the appeal. Cf. *747 NRCAP 3 (allowing for suspension of appellate rules in certain circumstances).

. At oral argument, NHA referred to "title" in the context of the mutual help home. This usage is consistent with the unique real property situation on the Navajo Reservation, where homes may be separately "owned” from the land underneath it. The Court concludes that the FED statute's reference to "title” means, in the context of mutual help homes, the "ownership” of the home, regardless of the ultimate "title” of the trust land the home sits on,

. The resolution passing the FED does reference both “rent" and "house payments” in relation to the failure of NHA "tenants” to make their required payments. Resolution No. CN-100-69, Whereas Clause 1 (November 21, 1969). Further, NHA’s plan of operation empowers it to bring "eviction actions" against a "tenant” and "homebuyer." 6 N.N.C. § 616(B)(18) (2005). However, even assuming the FED resolution language on its own was enough to show the intent of the Council to include mutual help homebuyers, the language was not incorporated into the statute, which by its plain language demonstrates the opposite intent. Also, the plan of operation language merely refers to an “eviction action," but does not specify the FED statute. Further, the plan of operation's distinction between “tenant” and "homebuyer” is consistent with the conclusion that a home-buyer is not a "tenant" under the FED statute.

.This Court has previously noted that the Navajo Nation FED statute appears to have been adopted from an almost identical Arizona statute. Fort Defiance Housing Corp. v. Lowe. No. SC-CV-32-03, 5 Am. Tribal Law-394, 399, 2004 WL 5658062 at *3 (Nav. Sup. Cl.2004). Further, the Court has noted that the Navajo Nation Council has not changed that statute since its passage in 1969, and that the statute's antiquated language sometimes makes interpretation sometimes difficult. Fort Defiance Housing Corp. v. Allen, No. SC-CV-01-03, slip op. at 4 n. 3 (Nav.Sup.Ct. May 28, 2004). As FED appeals have increased in the last few years, see, e.g., Lowe; Allen; Allen v. Fort Defiance Housing Corp., No. SC-CV-05-05, 6 Am. Tribal Law 713, 2005 WL 6235947 (Nav.Sup.Ct.2005); Navajo Nation v. Arviso, No. SC-CV-14-05, 6 Am. Tribal Law 675, 2005 WL 6235954 (Nav.Sup.Ct.2005), and as the Court must apply the statute, the Court again suggests to the Council that it consider amendments to the act. to clarify its intent. See infra, note 2.