OPINION

Appellant Aaron John appeals his conviction in the Window Rock District Court on August 11, 2009 of aggravated battery pursuant to 17 N.N.C. § 317. For the following reasons, we reverse the district court’s conviction and order that, under the circumstances, there shall be no new trial.
Background
Appellant was convicted of aggravated battery following a bench trial on August 11, 2009. He filed a motion for reconsideration to the district court on September 9, 2009 following which he filed this appeal on September 10, 2009. There is no record that the district court entered a ruling thereafter. On September 30, 2009, the Navajo Nation (Nation) filed a Motion Opposing the Appeal calling for the dismissal of the appeal asserting that Appellant’s motion for reconsideration, as required by Rule 5(d) of the Navajo Rules of Appellate Procedure (N.R.A.P.), had been untimely. The Supreme Court denied the motion on October 30, 2009. Thereafter, the Nation failed to respond to Appellant’s appeal brief and, in fact, filed no further pleadings. On September 19, 2010 Appellant filed a Motion to Adjudicate Appeal on the Record, pursuant to N.R.A.P. Rule 10(d), which we granted on September 24, 2010.
Standard of Review
This Court will review evidentia-ry rulings of the district court under the abuse of discretion standard. Chavez v. Tome,, 5 Nav. R. 183, 186 (Nav.Sup.Ct.1987). As we said in Navajo Housing Authority v. Bluffview Resident Management Corp., 8 Nav. R. 402, 412, 4 Am. Tribal Law 700 (Nav.Sup.Ct.2003), “a court abuses its discretion by unreasonable conduct that is ‘capricious and arbitrary.’ ” (Internal cite omitted). Pursuant to the Navajo Rules of Evidence (Nav. R. Evid.) Rule 2(a), error may be assigned when an evidentiary ruling which admits or excludes evidence affects a party’s substantial right. If evidentiary rulings are “outside the boundaries of the Navajo Rules of Evidence, those rulings are not entitled to deference from this Court.” Rough Rock Community School v. Navajo Nation, 7 Nav. R. 313, 317, 1 Am. Tribal Law 482 (Nav.Sup.Ct.1998).
In this case, the Nation has not filed a brief nor otherwise indicated its interest in participating in the appeal. Previously in Navajo Nation v. Morgan, 8 Nav. R. 732, 6 Am. Tribal Law 697 (Nav.Sup.Ct.2005), we addressed a similar situation in which the Nation, as here, did not file a brief. In Morgan, we stressed “to the Office of the Prosecutor and the Attorney General the importance of participation in appeals, as their responsibilities to the Navajo people should mandate them to take an interest in each case before this Court.” hi. at 736, 6 Am. Tribal Law 697. The Court takes judicial notice that underlying the dispute resolution process of the Diñé, there is this expectation: Diñé t’áá hat’íshw yéego bik’l hojiz’ahgo doo éi t’óó *42 bijükáa’da dooleel, háálá bila’ashcUa’ii éi yíní blighago dilzin dóó baaAasti’; doo éi t’óó naaki nil\igo bil hwiizh dool’aalda. If one brings forth a serious allegation, the aceuser is expected to participate in the resolution of the accusation because the truth of the allegation must be determined out of respect and protection of the individual.
Pursuant to Cleveland v. Navajo Nation, 3 Nav. R. 113 (Nav.Ct.App.1982), the general rule on the failure of an appellee to file a brief, as applied to our Rule 6(b), Rules of Appellate Procedure, is this:
On the failure of the appellee to file a brief, the appellant is not entitled to a reversal as a matter of right, but the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience. It will not search the record to find a theory upon which to affirm the judgment and may confine itself to the objections raised by the appellant or treat the failure to file a brief as a concession of the truth of the facts as stated by appellant, or even as a confession of error, if the appellant’s brief appears reasonably to sustain such action.
Id. at 113-114 citing 5 Am.Jur.2d, Appeal and Error Sec. 686.
There is no more serious a matter to both the victim and the defendant than a criminal charge involving violence. A person has been accused of egregious conduct in causing physical harm to another person, which if substantiated will bring great shame upon himself and his family and relatives. Furthermore, a charge of aggravated battery carries a potential sentence of one year’s incarceration and/or $5,000 fine. The non-participation of the Nation in defendant appeals cannot be excused for reasons of lack of staff or resources because few criminal appeals are filed in our courts. Statistics maintained in the Supreme Court show that of 19 total criminal cases filed by defendants since 2000, the Nation filed a response in only 9 of these cases. In Morgan, supra, we were frustrated with the Nation’s non-participation. It is apparent that the Nation continues to treat such matters lightly.
For reasons of setting a clear example in this case where the Prosecutor has indicated no interest in participating in this appeal, this Court will use its discretion pursuant to Cleveland, supra. The Court will confine itself to the objections raised by Appellant and treat the failure to file a brief as a concession of the truth of the facts as stated by Appellant, or as a confession of error, if Appellant’s brief appears reasonably to sustain such action.
Issues
Appellant asserts that the district court made two evidentiary rulings during the bench trial that improperly affected his due process rights: (1) the court prevented him from introducing testimony of his son regarding the previous interactions between the appellant and alleged victim, in order to show that the defendant acted in self-defense; and (2) the court excluded evidence that Appellant had sought a Domestic Abuse Protection Order against the alleged victim on the day after the underlying incident, long before the filing of the criminal charge against him. In so doing, Appellant asserts that he was denied the opportunity to support his claim of self-defense by presenting testimony that the alleged victim had a violent character.
Appellant further claims that he received ineffective assistance of counsel at trial. Because of the Court’s decision herein based on the first evidentiary ruling, there is no need to address this claim, nor will the Court address the second evi-dentiary ruling.
*43 Analysis
17 N.N.C. § 216(D) permits self-defense as an affirmative defense, setting forth that reasonable force may be justified “when the actor believes that such force is immediately necessary for the purpose of protecting himself or herself or a third person against the use of unlawful force by another person or to prevent or terminate an unlawful entry or other trespass upon land or the unlawful carrying away of tangible movable property.” “Evidence of a pertinent trait of character of the victim of the crime offered by an accused” is admissible under Nav. R. Evid. Rule 8(a)(2) to prove conformity therewith or to rebut the same.[1]
In reviewing the audio transcript of the bench trial, it is clear that the defendant and alleged victim were involved in a land dispute. At trial, the alleged victim was permitted to testify as to his peaceful character. However, Appellant was not permitted to introduce testimony in rebuttal after the prosecutor argued that the offered testimony related to past events and had nothing to do with the violent incident itself. The exclusion of this evidence, after the prosecution has opened the door by submitting the victim’s positive character evidence, is unexplained in the judgment of conviction. The judgment merely contains this finding: “Self-defense was not proven because the Defendant was observed at the hospital without injury and at the time and place of the fight between himself and the victim. Defendant could have retreated from the area to his home which he testified was approximately 30 feet from his front door.” Findings of Fact, Conclusions of Law, Judgment of Conviction, August 11, 2009.
The issue in this case was whether Appellant is guilty of aggravated battery on the alleged victim. As he has claimed self-defense, the character traits Appellant sought to introduce were pertinent to the offense charged, to his claim of self-defense, and in rebuttal. The evidence was admissible for these purposes under Nav. R. Evid. Rule 8. There is no doubt that the impact on a defendant’s defense is great when pertinent evidence is excluded. Because of this, fundamental fairness requires that reasons for the exclusion strictly conform to evidentiary rules.
Parameters for the exclusion of evidence are set by Rule 7, pursuant to which a judge has the discretion to exclude irrelevant evidence, or relevant evidence “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.” Because neither the transcript nor the written judgment sheds light on why Appellant’s rebuttal testimony was irrelevant, prejudicial, confusing, misleading, time-wasting or needless, we find that the trial court erred.
Under the Diñé principle of ná bináheezláago bee t’áá lahjí atgha’ deet’á, disputes are to be addressed in a comprehensive manner so as to achieve finality. Goldtooth v. Naa Tsis’ Aan Community School, Inc., 8 Am. Tribal Law 152, 156 (Nav.Sup.Ct.2009) citing Casaus v. Dine College, 7 Am. Tribal Law 509, 513 (Nav.Sup.Ct.2007); Navajo Nation v. Kelly, 6 Am. Tribal Law 772, 777 (Nav.Sup.Ct.2006). Here, the trial court stopped a thorough examination of a serious criminal matter and took away Defendant’s oppor *44 tunity to be heard without an appropriate reason.
When a ruling denies a defendant the ability to pursue a line of defense, it undoubtedly affects the defendant’s substantial right to his or her defense. Such an impact must be sufficiently reasoned and justified. This Court has continually admonished the lower courts to fully flesh out its findings in written decisions. We have stated that “[tjhrough factual findings the court informs the parties what it relied on to reach its decision, and allows this Court to review the decision on appeal.” Navajo Transport Services, Inc. v. Schroeder, 7 Am. Tribal Law 516, 520 (Nav.Sup.Ct.2007). We have emphasized this for twenty-five years. Id, (multiple cites omitted).
While we have relieved the district courts from reducing to writing the reasons behind a specific class of ruling for reasons of “impracticality,” see Apachito v. Navajo Nailon, 8 Nav. R. 339, 345, 4 Am. Tribal Law 668 (Nav.Sup.Ct.2003) (accepting verbal reasons for denial of bail), the record must contain information essential to an understanding of the issues raised, including rulings or decisions showing the trial court’s reasoning regarding those issues. Trial courts must ensure that rulings in the course of trial which impact substantial rights, and are therefore prime subjects for appeal, are reduced to writing as part of an order or final judgment. In other words, trial courts must ensure that the record contains all essential information so that it is clear that a defendant’s substantial rights have been protected in the proceedings. If this responsibility is not fulfilled, this Court will take appropriate remedial action. See Id,, (stating that this Court has vacated and remanded decisions that lacked the necessary findings of fact).
In this case there is the additional complication of an uncontested criminal appeal. It is time that the Nation shoulders its obligations to pursue a prosecution in all its phases. The Diñé principle of bit ch’ii-niya, which means “one has lost an opportunity,” applies to the Nation. See Goldtooth, supra at 158.
Lacking a response by the Nation and pertinent findings on the matter by the trial court, this Court accepts Appellant’s argument that there was an abuse of discretion. With no reason(s) for exclusion provided by the trial court that falls within the Navajo Rules of Evidence, and no challenge to the facts as described by Appellant, there is no doubt that the evidentiary ruling did improperly affect the substantial right of the Appellant to assert a claim of self-defense.
CONCLUSION
The Court finds that the district court erred in excluding evidence of the victim’s character by denying the Appellant’s son to testify to such evidence. That evidence was relevant and admissible under Nav. R. Evid. Rule 8(a)(2). The trial court’s judgment of conviction is hereby REVERSED and the Court ORDERS that, under the circumstances, there shall be no new trial. The district court shall VACATE the judgment of August 11, 2009 and immediately dismiss the case against the Appellant.

. This is an exception to the general rule under Nav. R. Evid. Rule 8(a), that a victim's character evidence "for the purpose of proving that he acted in conformity therewith on a particular occasion” is not admissible.