OPINION

This case concerns a petition for writ of habeas corpus filed by a detained defendant who challenged the legality of his detention after serving more than 180 days in jail for multiple 180-day sentences of incarceration arising from the same occurrence. Petitioner asserts that his sentences ran concurrently and, thus, were simultaneously satisfied. The Court issued a writ of habeas corpus and set the matter for a hearing. At the conclusion of the hearing, the Court ordered Petitioner’s release upon finding an unlawful detention. This opinion explains the reasons for the Court’s decision.
I
Petitioner/defendant was arrested on December 8, 2011. On December 12, 2011 several criminal complaints were filed against the defendant in the Dilkon District Court. On December 14, 2011 defendant appeared for arraignment and pled no contest to all charges and was immediately sentenced without a presentence report as follows: (1) 180 days jail and $500 fine for aggravated battery (No. DK-CR-635-11); (2) 180 days jail and $500 fine for battery (No. DK-CR-637-11); and (3) 180 days jail for battery (No. DK-CR-542-11) *27 suspended for 180 days of probation. Each sentence is within the sentencing range stated in the Navajo Nation Criminal Code. The suspended sentence in Doeket matter DK-CR-542-11 is not detaining defendant and, therefore, not of concern in this writ action. The judge did not indicate in its written judgment and mittimus whether the sentences would run concurrently or consecutively. The District Court also did not provide a written statement[1] to justify its sentence of incarceration of the defendant as required by 17 N.N.C. § 220(A).
Defendant began his jail sentence on December 14, 2011, having received no credit for jail time served since his arrest (6 days). On January 30, 2012 defendant filed a hand-written note requesting that his jail sentences run concurrently. The district court denied the request on April 10, 2012 having found that the 20 days during which defendant could make a motion for modification of sentence had expired on January 3, 2012, per its reading of Nav. R. Cr. P. Rule 50(d). The orders of incarceration were not modified. On March 12, 2012, after having served about half his jail sentence and completed all his community service work, defendant filed a motion requesting for parole which was denied without explanation on March 15, 2012.
On June 19, 2012, after serving more than 180 days in jail, Petitioner filed a hand-written letter which this Court accepted as a Petition for Writ of Habeas Corpus, asserting he completed all his jail sentences and, therefore, his continued incarceration by Respondent was illegal. Petitioner asserts it was his understanding that his sentences of incarceration ran concurrently because the judge at his sentencing never said anything about consecutive sentences. Additionally, this was his understanding of the written judgment and mittimus that did not specify how his sentences were to run. Upon review of the petition, the Chief Justice issued a writ of habeas corpus, ordering Respondent to show cause why Petitioner should not be released and instructing Respondent and the Dilkon District Court, though not a party in this action, to file a response to the petition prior to the hearing on the writ scheduled for June 28, 2012.
On June 26, 2012 Dilkon District Court, through its staff attorney, filed a motion to dismiss the writ action for the reason that orders of release were issued the day before to permit the defendant to attend rehabilitative services and, therefore, the matter was moot. The Chief Justice denied the motion upon his careful review of the orders, having found Petitioner was actually still being physically detained pending acceptance and transfer to a rehabilitative treatment center.
At the June 28, 2012 hearing, the Court heard arguments from Petitioner, Respondent, and the District Court. Following the hearing, the Court found that Petitioner was unlawfully detained by Respondent. In its Order of Release that the Court read in open court, the Court stated that the District Court judge issued judgments that did not specify whether the sentences were to run consecutively or concurrently, but did issue judgments that specified each sentence was to commence on December 14, 2011. Additionally, each judgment specified that Respondent was to be held no longer than 180 days. The Court ordered Petitioner’s immediate release stating Respondent was under an order to hold him no longer than 180 days from December 14, 2011 and the detainment of *28 the Petitioner after that timeframe constituted an unlawful detention. Upon reading its decision, the Court informed the parties that a more detailed opinion would follow. The following is this Court’s detailed opinion explaining the legal basis for Petitioner’s release.
II
The Court considers the issue, namely, where a district court imposes multiple sentences of incarceration contemporaneously but fails to specify how the sentences are to run, when is a defendant entitled to be released?
The issue presented is a legal question, which we review de novo. Navajo Nation v. Badonie, 6 Am. Tribal Law 725, 727-28 (Nav.Sup.Ct.2006) citing Navajo Nation v. Arviso, 8 Nav. R. 697, 701, 6 Am. Tribal Law 675 (Nav.Sup.Ct.2005).
III
At the hearing on the writ, Petitioner urged the Court to find as a general rule that multiple sentences should run concurrently unless otherwise specified. Respondent Department of Corrections agreed with the Petitioner that multiple sentences should be presumed to be served concurrently when the judgment is silent as to how the sentences will run. The District Court, on the other hand, begs the Court to hold that multiple sentences be presumed to run consecutively because the expectation of the victims requires the judgments to be so interpreted. There is presently no presumption on the basis of Navajo Nation statutes or common law as to whether multiple sentences imposed contemporaneously are to be treated as concurrent or consecutive. The matter having not been raised before, the issue is of first impression for this Court.
We first note that when other jurisdictions have provided for presumptions in such circumstances by statute or common law, the presumption is for concurrent, running of sentences where sentences are imposed contemporaneously for charges arising from the same occurrence.[2] That being said, the sentencing subchapter of the Navajo Nation Criminal Code begins as follows:
No person convicted of an offense pursuant to this Title [Navajo Nation Criminal Code] shall be sentenced otherwise than in accordance with this [Sentencing] Subchapter. A sentence of incarceration is always considered an extraordinary measure under any offense enumerated in this Title and should be imposed only as a last alternative where a defendant is found to have caused serious injury to a victim or victims, or other serious circumstances warrant a jail sentence. All jail sentences must be supported by a written statement, by the Court, of reasons for imposition of a jail sentence.
17 N.N.C. § 220(A).
The plain wording of this provision requires strict adherence to all provisions in Title 17, with no discretion to deviate. Pursuant to Section 220(A), a sentencing court must specify reasons in writing for all jail sentences, with such sentences to be considered an extraordinary measure where serious injury has been caused or in other serious circumstances, and then only as a “last alternative.”
When there are multiple sentences imposed, 17 N.N.C. § 225 states:
*29 When multiple sentences of imprisonment are imposed on a defendant for more than one crime, such multiple sentences shall run concurrently or consecutively as the court determines at the time of the sentence. (Emphasis added).
Some 20 years ago, the Court reviewed this same statute and clarified that the Council intended to give courts discretionary authority to impose either concurrent or a consecutive sentences for different offenses. Navajo Nation v. MacDonald, Sr., 6 Nav. R. 432, 447 (Nav. Sup. Ct. 1991). In MacDonald, the Court further held that the imposition of consecutive sentences is not cruel and unusual punishment when the sentences imposed remain within the boundaries set by the legislature. Id. The legislature’s boundaries as set forth at Title 17 include the requirement that incarceration be imposed only as an extraordinary measure and as a last resort in serious circumstances and pursuant to 17 N.N.C. § 225, the running of multiple sentences must be determined at the time of sentencing. It is clear that Section 225 requires that the defendant be given clarity as to the length of the incarceration that he will serve at the time multiple sentences are imposed. In this case, the district judge erred when he did not determine at the time of sentence whether the multiple sentences were to be served concurrently or consecutively.
The defendant pled no contest in this case. The district judge is mandated to inform the defendant of the maximum penalty which could be imposed. Nav. R. Crim. P. Rule 12(c)(6). We have stated, “Fundamental notions of fairness embedded in the Navajo concept of due process require correct notice of the possible sentencing options before a plea is valid.” Navajo v. Morgan, 8 Nav. R. 732, 738, 6 Am. Tribal Law 697 (Nav.Sup.Ct.2005) citing Thompson v. Grey eyes, 8 Nav. R. 476, 487, 5 Am. Tribal Law 400 (Nav.Sup.Ct. 2004). The district court conceded that the Petitioner was not informed of the possibility that his sentences on the multiple charges may be imposed consecutively. While our holding in Morgan concerned a defendant facing a single charge, the due process rights of a defendant to notice of sentencing options evidently applies to a defendant entering pleas to multiple charges. Morgan was clear as to the right of the defendant to be informed of sentencing options as to each charge, it thereby imposed on the district court in this case a duty to ensure that a defendant is told of the possibility of consecutive sentencing at the time a plea is taken.
We note that Nav. R. Cr. P. Rule 50(d) permits post-judgment modification, providing that “[ujpon motion the court may correct any unlawful sentence or one imposed in an unlawful manner within twenty (20) days after the entry of sentence.” However, the imposition of multiple sentences without specifying how they will run is not, in itself, unlawful, and does not, in itself, fall within Rule 50(d). Additionally, by the plain wording of 17 N.N.C. § 225 it would be impermissible for a judge to determine how multiple sentences are to run at any time other than the time of sentencing. This is in keeping with the principle, as emphasized throughout our criminal code, of holding the sentencing court to its certain intentions at the time of sentencing, and not after.
The Court in MacDonald, supra, did not address the issue now before the Court as to how sentences will run when at the time of imposing the sentence, the court does not specify if the sentences run concurrently or consecutively. In our view, the general policy expressed in the criminal code that incarceration is a last resort dictates that a presumption of concurrent running be adopted, and further dictates *30 that imposition of consecutive sentences should require an affirmative action of the sentencing court rather than a presumption. The “last alternative” and “extraordinary measure” language of 17 N.N.C. § 220 coupled with the requirement of “serious injury” or “serious circumstances” in imposing any jail sentence dictates that a court should be authorized to impose a consecutive sentence only after a finding that cumulative incarceration on multiple charges arising from a single criminal incident is warranted, far less for punitive than for public safety reasons. Additionally, the general policy as expressed in Section 220(A) favoring alternatives to incarceration and the statutory requirement of Section 221(A) requiring a sentencing court to “take into consideration the offender’s prior record, family circumstances, employment status, and any other circumstances which will aid in imposing a fair and just sentence” dictates that a sentencing court must be in possession of such information or factors prior to sentencing.
The information or factors for consideration required by Section 221(A) is normally provided to the sentencing court prior to sentencing by means of a presentence report, as permitted by Nav. R. Crim. P. Rule 50(a)(8). When a sentencing court is considering how multiple sentences are to run, obtaining the Section 221(A) information is doubly important, which mandates a presentence report. As the report will take time to investigate, whether by Probation Services per Rule 50(a)(2) or by the Peacemaking Program as permitted by 17 N.N.C. § 221(C), a separate sentencing hearing to review that report would be required. Such a separate sentencing hearing would provide the sentencing court with the required information and, furthermore, provide a defendant with the opportunity, as required by Rule 50(a)(3), to obtain a copy of the report prior to sentencing and, as required by Rule 50(a)(1), to “make a statement in his own behalf and to present any information, including hearsay evidence, in mitigation.”[3] In not obtaining the necessary information on the defendant prior to sentencing, nor making the requisite supported finding that incarceration was necessary due to the “serious circumstances” and as the “last alternative,”[4] the trial court erred.
Respondent, the Department of Corrections, charged with detaining the defendant, asserts that fundamental fairness, out of k’é for the Department and the defendant, requires that they be informed at the time of sentencing when and how long the jail term will be. We agree. A court is to treat everybody, including defendants and the jailers, as relatives, in equality and horizontal, person-to-person relationships pursuant to our concept of Diñé justice. As determined in Morgan, supra, fundamental fairness also requires trial courts to inform the defendant that consecutive sentences could be imposed on multiple sentences to assist the defendant as to their plea.
*31 17 N.N.C. § 225 imposes a non-discretionary duty on the sentencing court to determine at the time of sentence whether the multiple sentences are to run concurrently or consecutively; no person can be sentenced otherwise. Where a sentencing court does not specify whether multiple sentences imposed contemporaneously are to run concurrently or consecutively, we hold the sentences are presumed to run concurrently. After the defendant begins serving the jail sentences, the presumption effectively becomes conclusive, and any subsequent correction or amendment that increases the jail sentence is impermissible.
Here, the judgment and mittimus issued against defendant on December 14, 2011 ordered Respondent to “receive the above-named Defendant now in custody and hold Defendant until he/she has satisfied the above judgment.” They judgment and mittimus for each crime held Petitioner for 180 days but failed to specify how the multiple sentences being imposed would run. As Petitioner had been detained well past 180 days, we found his continued detention unlawful and ordered Petitioner’s immediate release.
Finally, the Department of Corrections is required to hold a prisoner in accordance with an order of commitment. Each judgment, as mentioned above, ordered defendant detained on December 14, 2011 and held for 180 days. Due to the absence of clarity on the Petitioner’s length of incarceration, Respondent took it upon itself to second-guess the period of incarceration and did not release the Petitioner at the end of 180 days. Diñé principles of ho-zlíQogo and k’é additionally underscore the necessity that sentences in criminal cases should reveal with fair certainty the intent of the court to ensure that those charged with executing an order of incarceration are not unduly confused. The duty of a court to be clear pursuant to these principles are expressed in the traditional law that those in authority must respectfully regulate with clarity, T’áadoo alk’ehólóní K’é bee ííshjánígo. Respondent shall take heed of the presumption for concurrent sentencing that has been hereby adopted, and note its responsibility to see that defendants in similar situations are timely released and not unlawfully detained.
IV
Based on the above, this Court ORDERED the Petitioner immediately released from detention.

. Although not listed in Nav. R. Crim. P. Rule 50(b) as being required in a judgment, 17 N.N.C. § 220(A) requires "a written statement reasons for imposition of a jail sentence.”

. Alabama Is an exception, Ala. Code § J 4—3— 38 (presumption that sentences be served consecutively).

. Additionally, since the charges in this case arose, the Violence Against Family Act was enacted and codified at 17 N.N.C. § 534 et seq. which requires notice and the opportunity for a victim to be present and heard at sentencing, whether or not incarceration is being considered. See § 536. Given the stresses on our severely under-resourced court system, it is the duty of the Legislature to provide the necessary funding to ensure separate sentencing hearings may be held as statutorily required.

. We note there is no uniformity in the actual sentencing amongst judicial district courts. Inconsistent practice is partly due to the dated rules of criminal procedure that do not reflect statutory changes or Supreme Court rulings. Court rules are in urgent need of revisions to ensure fair and just sentencing.