*In the Matter of Mental Health Services for Bobby BIZARDI*
*Bobby Bizardi*
Respondent-Appellant
*vs.*
*Navajo Nation*
Petitioner-Appellee
In the Supreme Court of the Navajo Nation

No. SC-CV-55-02

November 9, 2004

Therese Yanan, Esq., Farmington, New Mexico, for Appellant.

Donovan Brown, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation, for Appellee.

Before BATES ARTHUR, Chief Justice, and FERGUSON, Associate Justice.

Opinion delivered by BATES ARTHUR, Associate Justice.

This case concerns mental health commitments. Based on our review of the pleadings and the presentations at the oral argument, we dismiss this case as moot. Our reasons are set out below.

## I

The following relevant facts are undisputed. The Navajo Nation filed a petition for involuntary commitment of Mr. Bizardi with the Kayenta District Court. The Kayenta court issued an ex parte order the same day committing Mr. Bizardi to the Flagstaff Medical Center pending a hearing. The court appointed counsel for Mr. Bizardi. Based on evidence presented at the hearing the court committed Mr. Bizardi for inpatient treatment for sixty days, with a review to be done at the end of the sixty day period. The court stated that it would decide which facility Mr. Bizardi would go to at a later date. Both parties filed motions requesting placement. Before the court ruled on the motions Mr. Bizardi requested a discharge, submitting a clinical recommendation of the Flagstaff Medical Center. The parties concurred, and the Kayenta court released Mr. Bizardi.

Mr. Bizardi then filed an appeal with this Court. He contended his initial commitment was illegal as a violation of his due process rights under the Navajo Bill of Rights. The Navajo Nation asserted the case was moot, due to Mr. Bizardi's release before he filed the appeal, and that the initial commitment had not been in violation of Mr. Bizardi's due process. After receiving briefs from both sides disputing the mootness and due process issues, we set oral argument.

A day before the oral argument the parties submitted a pleading entitled "Joint Motion for Stipulated Order." The parties asserted that the case was not moot, and requested that the Court adopt guidelines they included in the motion to govern future commitments. At the oral argument both sides argued for the adoption of these guidelines, asserting that they were necessary due to the lack of guidance in the Navajo Nation Code and rules of this Court on the proper procedure for health commitments.

## II

Based on the parties' eleventh hour Joint Motion for Stipulated Order, we conclude there is no dispute that requires our decision. During the briefing

process the Navajo Nation Department of Justice (Department) brought up the mootness issue, arguing that the release of Mr. Bizardi rendered the case moot. This apparently remained the position of the Department until the day before the hearing, when the Department agreed with counsel for Bizardi that the issue was not moot, and, instead of presenting a disputed position, sought the Court's approval of proposed guidelines for mental health commitments. Once the Department of Justice and Bizardi's counsel agreed and submitted proposed guidelines, this case ceased to be in dispute. Essentially the parties requested that this Court engage in rulemaking, but without notice or an opportunity for other interested people to participate.

The concept of mootness, like standing, arises out of the federal constitutional doctrine of justiciability. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 180 (2000). The doctrine originates in Article III, Section 2 of the United States Constitution and its requirement of a "case or controversy" for a court to properly exercise its authority. *Id.* Though the Navajo Nation Council has not included similar language in Title Seven of the Navajo Nation Code, the title governing our courts, we have used justiciability concepts in certain situations. *See, e.g., Judy v. White*, 8 Nav. R.510, 529 (Nav. Sup. Ct. 2004) (standing); *In re Navajo Bd. Of Election Supervisors*, 6 Nav. R. 302, 304 (Nav. Sup. Ct. 1990) (bar on advisory opinions); *Benally v. John*, 4 Nav. R. 39, 40 (Nav. Ct App. 1981) (mootness). However, we have modified these concepts consistent with Navajo Common Law. *See Judy*, 8 Nav. R. 530 (interpreting standing not as understood by federal courts but "pursuant to our own common values of substantial justice").

We reiterate that mootness is a concept we recognize in our courts. We do so not because of any need to mimic federal courts, but because mootness is consistent with our Navajo values. Our courts serve the purpose of bringing people in dispute back into harmony. Through "talking things out" with respect under the principle of *k'é*, our courts assist in bringing litigants into *hózhǫ́*. *See Atcitty v. Window Rock District Court*, 7 Nav. R. 227, 230 (Nav. Sup. Ct. 1996) (discussing *k'é* and *hózhǫ́* in context of due processo; *Navajo Nation v. Blake*, 7 Nav. R. 233, 234-35 (Nav. Sup. Ct. 1996) (discussing traditional civil process for resolving disputes). The necessary prerequisite is disharmony. Based on this, we have adopted a bar on advisory opinions, stating that we not issue a decision where an issue is not before us. *Begay v. Navajo Nation Election Bd.*, 8 Nav. R241, 249 n.1 (Nav. Sup. Ct. 2002); *In re Navajo Bd. Of Election Supervisors*, 6 Nav. R. at 304.

Here the parties were in dispute when Bizardi filed this case, but entered into an agreement just before the oral argument. The case ceased to be about Mr. Bizardi, but instead became a joint request for this Court to issue prospective guidelines, solely based on the submission of the parties. The parties are no longer in disharmony, and therefore it is inappropriate for us to continue this case.

We are aware that there are currently no guidelines in place applying across the Navajo Nation for mental health commitments. However, the parties are not without a solution. Now that they are in agreement, they may suggest these procedures to the district courts in a live case for which there is a dispute about the appropriateness of the commitment. When a case is presented, the district courts are free to adopt procedures, consistent with due process, they deem fit and apply them consistently when commitment cases reach their courts. Further, counsel for a committed person may file a writ of *habeas corpus* with this Court when he or she believes due process was not followed, and we may consider what is appropriate based on his or her situation. Finally, the parties may advocate for passage of a statute by the Navajo Nation Council or may propose rules directly to this Court under the proper procedures for rulemaking.

### III

Based on the above, we DISMISS this case.