*Ricky SMITH*
Petitioner-Appellant
*vs.*
*NAVAJO NATION DEPARTMENT OF HEAD START*
Respondent-Appellee.

In the Supreme Court of the Navajo Nation

No. SC-CV-50-04

September 21, 2005

David Jordan, Gallup, New Mexico, for Appellant.

Dana Bobroff, Navajo Nation Department of Justice, Window Rock, Navajo Nation, for Appellee.

Before YAZZIE, Chief Justice, and FERGUSON and NESWOOD, Associate Justices.

An explicit rule in the Navajo Nation Personnel Policies provides that failure to call or report to a supervisor for three days will subject an employee to termination. Is such failure "just cause" for termination under the Navajo Preference in Employment Act? Under the circumstances of this case we affirm the Navajo Nation Labor Commission that the employee violated the rule and uphold the termination.

## I

The facts are undisputed. Appellant Smith (Smith) was a teacher for the Navajo Nation Department of Head Start in Iyanbito. Smith's wife had gall bladder surgery, requiring Smith to take care of their four children. Smith requested leave from his supervisor for three days after the surgery. His supervisor approved his leave, indicating that he should be with his family. After the three days passed, Smith did not return to work. On two occasions he failed to contact his supervisor for more than three work days to indicate he was not coming to work. The Navajo Nation Personnel Policies (Personnel Manual), which apply to Head Start employees such as Smith, require an employee to call or report to his or her supervisor directly within three consecutive working days. According to the Personnel Manual, failure to do so is grounds for termination. Based on his failure to call or report, Smith's supervisor terminated him.

Smith filed a complaint with the Navajo Nation Labor commission alleging he was terminated without "just cause" as required by the Navajo Preference in Employment Act. 15 N.N.C. § 604(b)(8) (1995). The Labor Commission upheld the termination, concluding that he had violated the rule in the Personnel Manual on two separate occasions by failing to call or report within three days. This appeal followed. The Court held oral argument on August 30, 2005 and now issues this decision.

## II

The issue in this case is whether violation of the rule set out in a personnel manual that an employee must call or report to his or her supervisor within three days is "just cause" for termination under the Navajo Preference in Employment Act when the alleged reasons for failing to call in was that the employee was taking care of his family during his wife's recovery from surgery and that the supervisor initially indicated at the approval of the first request for leave that the employee should be with his family.

### III

We review decisions of the Navajo Nation Labor Commission under an "abuse of discretion" standard. *Jackson v. BHP World Minerals*, 8 Nav. R. at 568. One type of abuse is an error of law. *Id.* The meaning of "just cause" under the Navajo Preference in Employment Act is a legal conclusion which we review *de novo*, with no deference given to the Labor Commission. *Id.*

### IV

Appellant casts this case as an opportunity for this Court to define "just cause" under the Navajo Preference in Employment Act (NPEA). The NPEA requires that employers terminate employees only for "just cause." 15 N.N.C. § 604(b)(8) (1995). Though the Navajo Nation Council clearly rejected an "at-will" employment system within the Navajo Nation by requiring "just cause" for termination, it did not define "just cause" for this Court to apply.[1] Appellant advocates a definition derived from state case law defining similar phrases in statutes dealing with teachers and unemployment insurance. Appellee rejects these definitions as inapplicable to the NPEA and instead argues that violation of the Personnel Manual's explicit rule is "substantial misconduct" and therefore "just cause."

"Just cause" cannot be defined with any precision for all cases through one test. "Just cause" is a broad concept that involves unique factual circumstances in each situation, and therefore must be applied based on the unique facts of each case. *See Smith v. Red Mesa, Unified School District No. 27*, 7 Nav. R. 135, 138 (Nav. Sup. Ct. 1995). The term describes "a wide range of employer justifications for adverse actions." *Dilcon Navajo Westerner/ True Value Store v. Jensen*, 8 Nav. R. 28, 38 (Nav. Sup. Ct. 2000). Quoting from a general employment treatise, this Court previously described "just cause" as including only "substantial misconduct," and not "a minor neglect of duty, an excusable absence, a minor misrepresentation, rudeness, and even filing a defamation action against the employer." *Manygoats v. Atkinson Trading Co.*, 8 Nav. R.321, 337–38 (Nav. Sup. Ct. 2003) (citation omitted). Rather than attempting to define "just cause" through one test, there are some specific principles that can be applied uniformly to cases with common factual elements, such as, as in this case, when a personnel manual prohibits conduct and sets out termination as a consequence for violation. The Court will consider whether failure to follow a clear rule in a personnel manual that sets out termination as a consequence for failure to comply is "just cause."

### A

A personnel manual is a contract between employer and employee, with justifiable expectations that both employer and employee follow it to maintain

---

1   The Court takes judicial notice that "just cause" appeals are increasing in number. Given the twenty years experience of the Navajo Nation in implementing the NPEA, the Court suggests that the government, especially those officials who apply the NPEA provisions, provide recommendations to the Navajo Nation Council for further guidance on its intended meeting of 15 N.N.C. § 604(b)(8).

harmony in the workplace. *Dilcon Navajo Westerner*, 8 Nav. R. at 40. Navajos take contracts very seriously, and this Court will enforce them. Words are sacred and never frivolous in Navajo thinking, *Office of Navajo Labor Relations ex rel. Bailon v. Central Consolidated School District No. 22*, 8 Nav. R. 501, 506 (Nav. Sup. Ct. 2004), and promises made must be fulfilled absent some compelling reason otherwise, *see Allstate v. Blackgoat*, 8 Nav. R. 660, 668 (Nav. Sup Ct. 2005) (pre-judgment interest cap in insurance contract unenforceable as violative of Navajo public policy expressed in Common Law concept of *nályééh*). In *Dilcon Navajo Westerner*, this Court expected the employer to comply with the procedural requirements set out in the personnel manual, as the employee had justifiable expectations that the procedures be followed before she was terminated. *See* 8 Nav. R. at 40. Employers also have justifiable expectations that rules they set out in manuals be followed, so that they may maintain a predictable and orderly work environment.

Based on these reciprocal expectations, a rule set out clearly in a personnel manual, with notice to the employee, generally is binding, and this Court will enforce it as "just cause" for termination if termination is a stated consequence for non-compliance. However, not all rules in manuals are automatically enforceable. Some rules, though plain on their face, may be impossible for the employee to fulfill under the circumstances of the case, such as when an employee is physically or mentally unable to comply. Absent a stated exception for such impossibility, the Court will not enforce a rule if the employee demonstrates he or she was unable to comply. There may be some rules, though contractually agreed to, that violate the public policy of the Navajo Nation as expressed by the Council in the NPEA, *see* 15 N.N.C. § 602(A) (stating purposes of the NPEA) or in *Diné bi beenahaz'áanii. Cf. Blackgoat*, 8 Nav. R. at 668 (pre-judgment interest cap in insurance contract unenforceable as violative of Navajo public policy expressed in Common Law concept of *nályééh*). Further, it may be that the punishment itself is so disproportionate to the offense that it contravenes Navajo public policy though the rule itself does not. Based on these principles, we set out this guidance: ordinarily a violation of a clear rule set out in a personnel manual for which termination is a result of non-compliance is "just cause." However, an employee may challenge the enforcement of that rule as impossible to fulfill under the circumstances of the case or as violating Navajo public policy. We now apply these principles to this case.

## B

The relevant rule is that an employee absent from the office must call directly his or her supervisor within three days. If the employee fails to do so, he or she may be terminated. Appellant does not contest that he did not comply with the rule. Instead, Appellant argues that this rule, though reasonable, was unfairly applied in the unique circumstances of this case. His argument appears to be that the rule cannot be enforced if the reason for being absent is that he was taking care of family, a central Navajo obligation.

Contrary to Appellant's representations, this case is not about an employer terminating an employee for taking care of his family. Appellant was not fired for that reason, but was terminated for not calling in to his supervisor for three days. Had Appellant called in, and then returned to work to find that he was fired for taking leave to care for his family, this might be a different case. Further, Appellant nowhere claims he was unable to call in due to the unavailability of a phone or other physical or mental limitations caused by taking care of his family. Absent a showing of impossibility, the only question is whether, on its face, the rule requiring a call-in within three days violates the public policy of the Navajo Nation. The Court does not think so.

Ultimately personnel rules, such as the one in this case, seek to balance obligations employees have to their employer and obligations they have to their families and the community. No one in this case questions the obligations Appellant as a Navajo had to his family. However, Appellant failed to balance those obligations with those to his employer. The rule in this case merely requires that the employee let the employer know he or she will not be coming in- a simple requirement easy to perform, but with potentially significant consequences for the employer if not fulfilled. An employer has to find a substitute for the absent employee, whether by adding responsibilities to an existing worker or hiring a temporary new worker to accomplish what the absent employee was supposed to do. In the absence of communication by the absent employee, an employer must guess each day whether substitution is required. In the specific Head Start situation, an employee who teaches children has a greater obligation to make sure his or her employer can make necessary arrangements for a substitute, as ultimately the welfare of Navajo children, and the Head Start program as a federal fund recipient is at stake. As such, we hold that the call-in rule, in the circumstances of this case, does not violate the public policy of the Navajo Nation, and Appellant's failure to comply was "just cause" for termination. That he was caring for his family during the time he failed to call or report to his supervisor, absent facts showing impossibility, does not negate the neutral application of the rule.

V

Based on the above, the Court AFFIRMS the decision of the Navajo Nation Labor Commission upholding the termination.