OPINION

As an initial procedural matter the Court finds that two pending cases, SC-CV-37-05 and SC-CV-42-05, involve the same legal issues applied to substantively similar facts. Though the Office of Hearings and Appeals (OHA) granted a motion to consolidate these cases, it issued two final orders which have now been separately appealed to this Court. Therefore, the Court consolidates these matters, and disposes of both cases in this opinion. These cases concern whether OHA erred when it ruled that an individual may serve as a chapter community services coordinator (CSC) at the same time as the CSC is also serving as a chapter official. The OHA allowed such dual service. We reverse the OHA’s decisions.
I
The relevant facts are as follows. Ap-pellees were each serving as community services coordinator for their own chapter.[1] During their service as CSC, each Appellee was elected as an official in their own chapter.[2] After taking the oath of office for their elected positions, appellees were terminated from their employment as CSC. The termination notice issued to each appellee stated that the appellee violated Section l.C of the Navajo Nation Personnel Policy. Section l.C states as follows:
C. Exceptions
1. Certain categories of employees may be affected by policies and regulations *541 that may take precedence or may supplement these policies.
2. To the extent that programs are required to develop policies or procedures that take precedence over or supplement this manual, they shall be reviewed and approved as necessary by the Department of Personnel Management prior to implementation by the program.
The Division of Community Development specified that the prohibition of 26 N.N.C. § 1001(A) that there can not be current service as CSC and chapter official is the “policies and regulations” referred to in Section l.C. Section 1001(A) prohibits individuals from serving “as both a Chapter official and Chapter employee at the same time.”
The appellees all grieved the terminations to the OHA, which reversed the terminations.
II
When this Court reviews the legal interpretation of statutory law by the lower courts or administrative bodies it takes a de novo review. Begay v. Navajo Nation Election Administration, No. SC-CV-27-02, 4 Am. Tribal Law at 604, 605-06, 2002 WL 34461285 at *1-2 (2002).
III
in reversing the terminations, the OHA found that the appellees were employed as CSCs by the executive branch (Division of Community Development) and not as employees of the chapter. The OHA reasoned that until a chapter is certified pursuant to the LGA, the CSC position is treated as one within the executive branch. The OHA found that the budget for CSC (including the salary, payroll taxes and benefits) are transferred directly to the chapter only when the chapter is certified pursuant to LGA. Until certification, the OHA reasoned, the chapter does not control the CSC position and therefore does not act as the employer. Since none of the appellees were employed by LGA certified chapters, the OHA found that appellees were not chapter employees as that termed is used in Section 1001(A) and that their CSC positions did not conflict with their elected positions as chapter officials. Essentially, the OHA treated chapter certification as a condition precedent to the implementation of 26 N.N.C. § 1001(A).
The OHA also reversed the terminations because the Division of Community Development presented no evidence that the policies and regulations referred to in the termination notices were approved by the Department of Personnel Management. The OHA held that such approval was required by the review and approval language of Section 1.C.2 of the Personnel Policy. The OHA held that because the Department of Personnel Management had not approved the policies referred to in Section 1.C.2 the Division could not rely on that particular provision. The OHA thus treated approval by the Department of Personnel Management as another condition precedent for the implementation of 26 N.N.C. § 1001(A).
This Court has said numerous times that we defer to laws duly enacted by the Navajo Nation Council (Council). See e.g., Ft. Def. Housing Corp. v. Allen, No. SC-CV-01-03, 5 An. Tribal Law 408, 2004 WL 5658711 (Nav.Sup.Ct.2004); In re Harvey, 6 Nav. R. 413 (Nav.Sup.Ct.1991). “In a direct conflict between a statute passed by the Navajo Nation Council and a rale approved by this Court, the statute must prevail.” Allen, 5 Am. Tribal Law at 410, 2004 WL 5658711 at *2. Likewise, when a personnel policy or regulation conflicts with a clear and unambiguous provision within the Navajo Nation *542 Code, this Court will rely on the Code provision.
There is nothing within the Local Governance Act or any other applicable Code provision that requires approval or changes in the Navajo Nation’s personnel manual to implement 26 N.N.C. § 1001(A). Nor is the transfer of budgetary considerations a valid condition precedent to the implementation of 26 N.N.C. § 1001(A). This Court defers to the clear language of 26 N.N.C. § 1001 and rejects the OHA’s analysis that implementation of Section 1001(A) requires validation within a policy manual to be effective.
In this case, the law is clear and unambiguous. The Local Governance Act, 26 N.N.C. § 1001(A) prohibits an individual from serving both as a chapter official and chapter employee at the same time. A general provision within the personnel manual cannot supersede provisions in the Code appropriately considered and approved by the Council. Therefore, a CSC is a chapter employee, and that position cannot be held simultaneously with that of a chapter official.
There is a purpose behind the prohibition of holding positions as chapter official and chapter employee simultaneously. The Local Governance Act is very clear that chapter administrators have their functions and chapter elected officials must recognize than they should restrict themselves to policy and stay out of administrative matters. See 26 N.N.C. § 1001(E). Furthermore, the Council clearly intended that the Navajo Nation’s policy of separation of powers and checks and balance be implemented at the local government level. See 26 N.N.C. § 1(B). Chapter officials have the role of making policy that governs the direction of the chapter. Chapter employees have the role of rendering services that carry out and administer those policies set by the chapter officials. The prohibition of any one individual serving as both chapter official and chapter employee at the same time ensures that the chapter is governed with responsibility and accountability to the local citizens. See 26 N.N.C. § 1(B)(2).
IV
The OHA found that appellees were executive branch employees rather than chapter employees because the chapters for which they worked “are not certified by the Navajo Nation in accordance with the Navajo Nation Local Governance Act.” The OHA reasoned that until a chapter is certified under the LGA, the budget for CSC is administered by the executive branch, and that therefore the CSC is an executive branch employee. The Court disagrees.
The Local Governance Act defines chapter employee as “any person or entity working for, or rendering or exchanging any services or performing any act for or on behalf of the chapter in return for any form of payment or other compensation or thing of value received or to be received at any time temporarily, permanently or indefinitely, in any capacity.” 26 N.N.C. § 2(8). The Council could have approved a more limited definition or limited a chapter employee to one who specifically receives compensation directly from a certified. chapter, but it did not.
Community Services Coordinators are responsible for the administration of the chapter. See LGSC Plan of Operation, § IV(B)(6). That document also requires a CSC to “perform the duties of the Chapter Manager prescribed in 26 N.N.C. Sections 1004(B) and (C) and 2003(B), until such time as the chapter hires a Chapter Manager.” Id. at § IV(B)(6)(j). The Chapter Manager, as defined by the LGA, is specifically charged with chapter administration. Chapter administration requires *543 rendering services and performing acts for and on behalf of the chapter. It is clear to this Court, then, that the CSC position is an administrative position, and that the duties of the position fall within the definition of “chapter employee” in 26 N.N.C. § 2(8). Whether the chapter receiving those services is certified pursuant to the LGA or not does not change the nature of the services nor the position of the employee. A CSC is a chapter employee.
There is no question that the appellees each were elected to positions within the definition of “chapter official” in 26 N.N.C. § 2(11).
V
The OHA erred when it ruled that the appellees could simultaneously hold positions as CSC within the Division of Community Development and as elected chapter officials. The Local Governance Act, 26 N.N.C. § 1001(A) is clear and unambiguous, and will be held to mean what it says. “An individual may not serve as both a chapter official and chapter employee at the same time.” 26 N.N.C. § 1001(A). There are no conditions precedent to the implementation of that prohibition. A CSC is a chapter employee. Therefore, all appellees were simultaneously serving as both chapter employees and as chapter officials. That is prohibited by law.
The OHA ordered that the appellees each be reinstated to their positions as CSC, and we reverse that decision. If any of the appellees are currently holding both positions (CSC and an elected chapter position) they must immediately choose which position they wish to retain.
The orders of the OHA are REVERSED.

. Alfred Barney was CSC at Red Lake Chapter; Wesley Begay was the CSC at Lukachu-kai Chapter; Rose Ann Charley was the CSC at Whippoorwill Chapter; and Alfred Yazzie was the CSC at Chilehinbeto Chapter.

. Alfred Barney was chapter vice-president of Red Lake; Wesley Begay was chapter president of TsaileAVheatfields; Rose Ann Charley was chapter secretary of Low Mountain; and Alfred Yazzie was chapter president of Rough Rock. There has been another election of chapter officials since these actions were filed, and it may be that one or more of these plaintiffs are no longer elected chapter officials. The Court has previously stated that it will not issue opinions when the parties are no longer in disharmony, because the issue is then moot. Bizardi v. Navajo Nation, No. SC CV-55-02, 5 Am. Tribal Law 467, 2004 WL 5658531 (Nav.Sup.Ct.2004). In Bizardi the parties stipulated to the court that there was no longer a dispute, but nonetheless sought an order from this Court to approve rules that would govern mental health commitments generally. In this case, neither party has affirmatively sought dismissal nor stipulated that the issues are moot. Nonetheless, the Court takes notice that the issue will continue to arise unless it is answered; there are likely other individuals who are currently in the same situation as the appellees, these individuals and the Navajo Nation need guidance as to the law; therefore, the Court issues this opinion.