OPINION

An administrative employee entered into a term employment contract. At the end of the school year, his contract was not renewed. The employee filed a complaint challenging the nonrenewal. The Navajo Nation Labor Commission dismissed the claim concluding that the nonrenewal of a contract that expired on its own terms is not “adverse action” and the employer is not required to show “just cause” in its decision not to renew the contract. The Court affirms the dismissal.
I
For the period of July 1, 2004 to June 30, 2005, Mr. Larry Tsosie, an administrator, was employed as an Indian Education Coordinator with the Central Consolidated School District (CCSD). Like all administrators with no tenure rights, Mr. Tsosie worked pursuant to a term contract (certified employee contract) and the school district personnel manual. CCSD is authorized only to issue term contracts to administrators pursuant to its personnel policies.[1] The school board decides before the commencement of a new school year whether or not to renew an employee’s contract. The term contracts for certified employees are form contracts with many uniform provisions. The contract explicitly specifies the beginning and ending dates of employment (term of service), the approved salary based on specified working days, method of payment, causes for termination and other provisions. NMSA 1978, § 22-10A-21 (2005). The personnel policy, in accordance with New Mexico statutes and case law, expressly states that a person employed by such contract should not have a “legitimate objective expectancy of reemployment, and no contract entered pursuant to this section shall be construed as an implied promise of continued employment.” Pet’r’s Ex. 4 at G-2150.
On or about May 29, 2005 Central Consolidated School District (CCSD) gave Mr. Tsosie a written notice that his contract was not going to be renewed. Mr. Tsosie filed a charge with the Navajo Nation Office of Labor Relations and eventually filed a complaint with the Navajo Nation Labor *274 Commission (NNLC) on November 18, 2005. Mr. Tsosie alleged before the NNLC that there were actually reasons other than the expiration of the term contract that led to his contract not being renewed. Mr. Tsosie states that his supervisors were prejudicial toward him, harassed and intimidated him which culminated in poor job performance ratings. Furthermore, Mr. Tsosie states that CCSD itself did not comply with its employee personnel manual (not developing an employee growth plan and not providing training) which contributed to his poor performance ratings. Mr. Tsosie submits that these failures of the employer should negate any assertion that there was just cause for non-renewal. Finally, Mr. Tso-sie claims that CCSD used the term employment contract to avoid NPEA’s “just cause” requirement.
CCSD makes a straightforward argument that Mr. Tsosie’s employment contract expired by its own terms, that term employment contracts are allowed under the NPEA, that though Mr. Tsosie did receive poor job performance ratings, CCSD conducted meetings with him to address the ratings and CCSD did not in fact take any disciplinary action against him during the entire term. CCSD submits that for these reasons there is no need nor no evidence was presented to support a finding of adverse action and that because there is no adverse action, CCSD is not required to provide just cause in its notice that Mr. Tsosie’s contract was not going to be renewed.
On July 5, 2006, the NNLC entered an Order of Dismissal after evidentiary hearings and the submission of closing briefs by the parties. The NNLC concluded that the non-renewal of Mr. Tsosie’s contract that expired on its own terms is not “adverse action” and CCSD is not required to show “just cause” in its decision not to renew the contract. Mr. Tsosie filed his notice of appeal to this Court on July 18, 2006. Oral argument was held in Farm-ington, New Mexico on May 14, 2009. This opinion follows.
II
The issues before the Court are (1) whether CCSD used a term contract under these circumstances to circumvent the “just cause” requirement of the Navajo Preference in Employment Act and (2) whether the non-renewal of a term contract, upon its expiration, constitutes an “adverse action” requiring the employer to show “just cause” as to its decision not to renew the contract pursuant to 15 N.N.C. § 604(B)(8).
The pleadings filed by CCSD also raised the issue of (3) whether this Court has jurisdiction over this matter. At oral argument the Court, as a preliminary matter, reminded the parties that the Court has on two occasions held that the Navajo Nation has jurisdiction over State school districts located on Navajo leased lands and within the territorial boundaries of the Navajo Nation. The first case involved this same district, ONLR ex rel. Bailon v. Cent. Consol. Sch. Dist. No. 22, 8 Nav. R. 501 (Nav.Sup.Ct.2004) and the other case involved school districts in the Arizona portion of the Navajo Nation, Cedar Unified Sch. Dist. v. NNLC and Red. Mesa Sch. Dist. v. NNLC, Nos. SC-CV-53-06 and SC-CV-54-06, 7 Am. Tribal Law 579 (Nav.Sup.Ct. November 21, 2007). Thereupon, counsel for CCSD apologized for raising the issue and proceeded with arguments on the merits. CCSD thus concedes this Court’s jurisdiction over this matter and that the jurisdiction issue is res judicata in this Court.
III
The Court reviews decisions of the Navajo Nation Labor Commission un *275 der an abuse of discretion standard. Goldtooth v. Naa Tsis’ Aan Cmty. Sch., Inc., 8 Am. Tribal Law 152, 2009 WL 1074220, *1 (Nav. April 16, 2009). It is an abuse of discretion when the Commission makes an erroneous legal conclusion, or if its factual findings are not supported by substantial evidence. Jackson v. BHP World, Minerals, 8 Nav. R. 560, 568, 5 Am. Tribal Law 446 (2004); Tso v. NHA, 8 Nav. R. 548, 554, 5 Am. Tribal Law 438 (2004). The Court reviews legal conclusions de novo and factual findings under the substantial evidence standard. See Tso, 8 Nav. R. at 554, 5 Am. Tribal Law . A decision is “supported by substantial evidence” where, after examining the relevant evidence, a “reasonable mind could accept [the evidence] as adequate to support the conclusion, even if it is possible to draw two inconsistent conclusions from the evidence.” Id. at 555, 5 Am. Tribal Law 438 (quoting Silentman v. Pittsburg and Midway Coal Mining Co., 8 Nav. R. 306, 312, 4 Am. Tribal Law 644 (2003)).
IV
 Pursuant to the Navajo Preference in Employment Act (NPEA), “[a]ll employers shall not penalize, discipline, discharge nor take any adverse action against any Navajo employee without just cause.” 15 N.N.C. § 604(B)(8) (2005). In Sells v. Rough Rock Cmty. Sch,, 8 Nav. R. 643, 6 Am. Tribal Law 648 (2005), we adopted the definition that “adverse” in the employment context meant “if it results in some tangible, negative effect on the Plaintiffs employment.” Id. at 648, 6 Am. Tribal Law 648. We further added that the “action” in this context must be
an affirmative act by the employer that terminates ongoing employment. The mere notice to an employee that a contract has been fulfilled, in the absence of contractual language requiring automatic renewal, though “adverse”, is not “action” that triggers the requirement to give written notification of “just cause.”
Id. at 648-649, 6 Am. Tribal Law 648. We further noted in Sells that the general question is then not whether the ending of the employment relationship was “adverse,” but whether it was “action.” Id. at 649, 6 Am. Tribal Law 648. Furthermore, in Sells we clarified that employment contracts for a specified period of time (term contracts) do not violate the NPEA per se. Id, at 649 n. 1, 6 Am. Tribal Law 648 (2005) (stating term contracts are not explicitly prohibited). However, the Court has cautioned that a term contract cannot be used to intentionally avoid the “just cause” requirement of 15 N.N.C. § 604(B)(8). If it is found that such an attempt has been made, the contract can be set aside and the employee’s claim can be adjudicated. We therefore determine first whether there is evidence that CCSD intentionally used the term contract to circumvent the “just cause” requirement.
Other than the short discussion of term contracts in a footnote embedded in Sells, there are presently no Navajo cases that discuss term contracts on their own set of facts. Therefore, we look at our previous discussion in the Sells for guidance. The Court said in Sells that an example of an improper use of a term contract would include “setting up unnecessarily short terms for the same employees in a series of contracts,” Sells, 8 Nav. R. at 649 n. 1, 6 Am. Tribal Law 648. This statement from Sells implies that the evidence showing an employer’s intention to improperly use a term contract would be found from the time the contract is made. Mr. Tsosie did not present any evidence that at the time he and CCSD made the term contract it was known (or there was other evidence of it) that CCSD used term contracts to circumvent the “just cause” *276 requirement. As a matter of fact, CCSD’s use of a term contract was prompted by Mr. Tsosie’s non-tenured position and its requirement to comply with New Mexico statutes and case law, and not by the motive to intentionally circumvent the NPEA. The Court takes judicial notice that this system of separate term contracts for administrators and teachers has been in use for many years and has been applied by public schools on the Navajo Nation long before the enactment of the NPEA.
Mr. Tsosie relies, instead, on CCSD’s alleged violations of its own personnel manual and on his supervisor’s poor evaluations of his job performance to show that CCSD improperly used a term contract to avoid the “just cause” requirement. However, the alleged violations of the personnel manual took place during the time when the contract was in effect; not during the negotiation or making of the contract. While a personnel manual could be part of an employment contract, Dilcon Navajo Westerner v. Jensen, 8 Nav. R. 28, 39-40, 2 Am. Tribal Law 502 (2000), the alleged violations of the personnel manual in this case, even if true, would not help Mr. Tsosie prove CCSD’s improper motive to use term contract. Mr. Tsosie also alleges that CCSD’s failure to apply the employee manual consistently resulted in his poor performance assessments. While the poor performance evaluations may tend to have a negative effect on Mr. Tsosie’s employment record, they were conducted during the contract and did not result in disciplinary action. Thus, they cannot serve as evidence that CCSD used Mr. Tsosie’s terra contract to avoid the “just cause” requirement. We therefore conclude that CCSD did not intentionally use Mr. Tsosie’s term contract to avoid the “just cause” requirement as set forth in 15 N.N.C. § 604(B)(8),
Mr. Tsosie also argues whether there was “adverse action” in this case ultimately turns on whether he had a “reasonable expectation” that his contract would be renewed for another school year. This argument, however, is rebutted by Mr. Tsosie’s own testimony that he had no reasonable expectation of reemployment because of his position as an administrator (a non-tenured employee). Mr. Tsosie’s argument is also rebutted by the personnel manual which expressly states that a person employed by term contract should not have a “legitimate objective expectancy of reemployment, and no contract entered into pursuant to this section shall be constructed as an implied promise of continued employment.” Pet’r’s Ex. 4 at G-2150. Pursuant to New Mexico statutory law, the contract that Mr. Tsosie entered must be a one-year contract. See NMSA 1978, § 22-10A-21 (2005). Thus, Mr. Tso-sie was obviously on notice from the onset of his contract term that he should not expect an automatic contract renewal. An expansion of the NPEA as proposed by Mr. Tsosie is a matter of policy and for the Navajo Nation Council to consider.
Finally Mr. Tsosie argues that the non-renewal of his contract was “adverse action” and thus CCSD was required to show, “just cause” for the non-renewal. However, we held that the “mere notice to an employee that a contract has been fulfilled, in the absence of contractual language requiring automatic renewal, though ‘adverse,’ is not ‘action’ that triggers the requirement to give written notification of ‘just cause.’ ” Sells, 8 Nav. R. 643, 648—19. This holding was further affirmed in the case of Goldtooth v. Naa Tsis’ Aan Cmty. Sch., 8 Nav. R. 682, 689, 6 Am. Tribal Law 667 (2005), where we said, “if there is no contract, there [is] no ‘ongoing employment,’ and the School’s refusal to employ [the employee] after the previous school *277 year’s contract ran out is not a violation of the NPEA [15 N.N.C. § 604(B)(8)].” These two cases dispose of Mr. Tsosie’s final argument because his contract expired on its own terms after both parties fulfilled their contractual obligations and the contract did not require automatic renewal. The NNLC therefore did not abuse its discretion when it found by substantial evidence that the non-renewal of Mr. Tsosie’s contract was not “adverse action” and that CCSD was not required to show “just cause.”
V
The Court AFFIRMS the Navajo Nation Labor Commission’s Order of Dismissal entered on July 5, 2006.

. By New Mexico law, administrators, as certified school personnel, are afforded different treatment from teachers. Swinney v. Deming Board of Education, 117 N.M. 492, 873 P.2d 238 (N.M.1994). While teachers have certain rights by New Mexico statute, administrators have no tenure rights and required to enter into "certified employee contracts” with a specific provision of no legitimate objective expectancy of reemployment. On the other hand, teachers after a certain period of service are entitled to procedural due process follow'ing a notice of termination. Id. No such protection is afforded to administrators. id.