OPINION

The Court answers a certified question from the Crownpoint Family Court concerning conflicting provisions of the Children’s Code. The presiding judge requested a ruling as to how the following provisions of Children’s Code should be interpreted: 9 N.N.C. § 1055(C)(1) which states that “[j]urisdietion obtained by a Family Court over a child is retained until terminated by ... [t]he child becoming] an adult, except where a child becomes an adult during the pendency of proceedings in the Family Court” and 9 N.N.C. § 1156(H) which states that “[wjhen a child reaches 18 years of age all judgments affecting the child then in force automatically terminate”. We hold that 9 N.N.C. § 1055(C)(1) is superseded by 9 N.N.C. § 1156(H).
I
A young member of the Navajo Nation under the age of 18 years is charged with two counts of battery and one count of criminal damage. There is an admission to all the charges. The young man is then held to be a delinquent under the law and the court places the individual on probation. The Prosecutor subsequently flies a petition for revocation of the probation because the young man is alleged to have committed another delinquent act contrary to the conditions of probation. A preliminary hearing is held on the revocation petition on November 20, 2007. The court rules that probable cause has been shown that a delinquent act did occur and the court orders that the young man be detained until an adjudication hearing is held on the revocation petition. The court schedules the hearing for December 5, 2007. On December 4, 2007 the young man turns 18 years old and, thus, is now an adult under the law.
In a similar case in the same court only three months before, the court determined that when 9 N.N.C. § 1055(C)(1) is read in conjunction with 9 N.N.C. § 1156, any possible interpretation of § 1055(C)(1) that the court’s jurisdiction over a minor who turns 18 prior to final judgment of the charges continues until the court’s final judgment is superseded by § 1156’s mandate that all judgments still in force affecting the young person “automatically terminate” when the person turns 18 years old. The court read the interaction between the two statutes from a very practicable perspective—it ruled that even if the court had continuing jurisdiction over the person who now is an adult, any judgment it made “would be null and void the instant it was signed” pursuant to § 1156(H), making any proceeding it conducts “legally irrelevant.” The court then ordered the release of the young man at 12:01 a.m. on the day he turned eighteen.
In the instant case the court filed a petition on November 21, 2007 seeking a *379 ruling from this Court as to how the two statutes should be interpreted. The court requested for a ruling prior to December 4, 2007 but it also informed the Court that it would release the young man upon his 18th birthday. The court thereon released the young man at 12:01 a.m. on December 4, 2007 and dismissed all the cases against the young man. The Court accepted the certified question for review on October 14, 2009. The Office of the Prosecutor submitted its position on October 29, 2009. This opinion follows.
II
The issues are (1) whether a court’s petition to have this Court answer a certified question is rendered moot by the same court’s dismissal of the underlying proceedings and (2) how should eourts of the Navajo Nation resolve the conflict between the two following provisions of the Children’s Code; 9 N.N.C. § 1055(C)(1) which states that “[¡Jurisdiction obtained by a Family Court over a child is retained until terminated by ... [t]he child becoming] an adult, except where a child becomes an adult during the pendency of proceedings in the Family Court” and 9 N.N.C. § 1156(H) which states that “[wjhen a child reaches 18 years of age all judgments affecting the child then in force automatically terminate.”
III
When this Court accepted this question for review on October 14, 2009, we stated our conclusion that the requirements established by Navajo Housing Authority v. Betsoi, 5 Nav. R. 5 (Nav.Sup.Ct.1984), were met. We now elaborate on our conclusion. In Betsoi, the Court made clear that certain elements must occur before a specific question of law may be sent from a lower to a higher court for a decision. The lower court must show that (a) the question is one of legal doubt requiring a final determination of law; (b) the question is a question of material importance or an issue of substantial public interest; (c) it may so affect the merits of the controversy that it ought to be determined by the reviewing court before further proceedings in the trial court; and (d) that the first three elements must be so determined to exist by the court before which the cause is pending prior to the question(s) being certified for review. Id. at 6-7.
First, we find that the plain language of the two statutes are clearly contradictory. The conflicting statutes unquestionably casts doubt whether or not the Court would have jurisdiction over the person who is now' 18 years old; therefore, a legal determination as to whether or not the underlying cases may continue or must be dismissed upon the minor child’s eighteenth birthday is needed. Second, the question goes to what court, if any, would have jurisdiction and whether the person should be treated as a minor or as an adult; both of these matters, of course, are questions of material importance and issues of substantial public interest. Whether or not a family court has continuing jurisdiction also determines whether the legislative purposes of the Children’s Code are effectuated. Third, the question affects, of course, what standard of proof and what sentence may be applied to the charges and to revocation of probation, and whether the charges will be adjudicated at all—all matters affect the adjudication of the merit s; therefore, the question ought to have been determined by this Court before further proceedings in the lower court. The fourth element requires a finding that the first three elements existed prior to the question being presented to this Court. It can be argued that the first three elements do not now *380 exist because the family court had dismissed the case (upon the release of the child at his 18th birthday) before this Court could accept the petition and decide the certified question. In other words, the need to answer the question became moot. On this point, we agree with the family court and hereby hold that in the limited situation where the factual circumstances necessitating an answer to a question are likely to arise again, this Court should still answer the question even if the underlying case has already been decided or the case has been dismissed in the lower court.[1]
In the matter at bar, the need to answer the certified question is capable of repetition because it is highly likely that there will be more young people turning 18 years old while they are facing proceedings in family court. Furthermore, an answer from this Court is needed to provide consistent treatment throughout the Nation. We therefore answer this question even if the underlying cases are dismissed. We now consider the question.
IV
The family court has exclusive original jurisdiction over all proceedings in which a child is alleged to be a child in need of supervision, dependent child, or a delinquent child. 9 N.N.C. § 1055(A). Jurisdiction is retained until terminated by the following situations:
1. The child becomes an adult, except where a child becomes an adult during the pendency of proceedings in the Family Court.
2,. The case is transferred by the court to the district court pursuant to § 1114 of this Code.
3. When the Family Court enters an order terminating jurisdiction.
9 N.N.C. § 1055(C). Of particular concern in the present certified question is the first provision. According to Crownpoint Family Court, Section 1055(C)(1) suggests that a family court maintains continuing jurisdiction so long as proceedings involving that person are ongoing, regardless of the fact that he or she has reached the age of majority.
The second statutory provision of concern is the Children’s Code’s limitations on dispositional judgments, Section 1156(H), which states that “[w]hen a child reaches 18 years of age all judgments affecting the child then in force automatically terminate.” According to Crownpoint Family Court, this section suggests that all judgments affecting the child terminate as soon as he or she turns 18.
The plain language of these two statutes appears to make the Children’s Code internally inconsistent. The family court’s practical interpretation as noted in Part I is simple. But is it too simplistic? The view of the Office of the Prosecutor (Prosecutor) is that once the court gains jurisdiction over a young person, the court retains that jurisdiction until final judgment, even though the young person is now an adult. The Prosecutor submits that the purpose of the Children’s Code and all other Code provisions must be *381 careiully considered; the Code must be read as a whole. The Prosecutor relies heavily on the stated purposes of the Code that delinquent Diñé children must be provided treatment and rehabilitation; the Prosecutor submits that these services cannot be provided if all efforts must cease when the young person turns 18.
The Prosecutor further emphasizes that Diñé traditional principles teaches that there is always need for guidance, treatment and rehabilitation for everyone irregardless of age. A young person who runs afoul of the law before he or she is 18 still needs the service of the government the day after he or she turns 18. In the eye of the family the new adult is still a child needing help. The Prosecutor argues that since the family court already is adjudicating the matters filed against the young person, the court is in the best position to provide guidance and should therefore retain jurisdiction. The Prosecutor, in support of its position, notes that the Children’s Code authorizes the family court to vest legal custody of a delinquent child to an individual for up to two years, 9 N.N.C § 1156(D), and any time prior to expiration the custody can be extended if it is necessary to safeguard the welfare of the child or the public interest, 9 N.N.C. § 1156(E) and that when custody of a delinquent child is transferred to an agency (detention/rehabilitation centers) the court is divested of jurisdiction and the agency can parole or release the child on its own unless the court is petitioned to review the agency’s denial of parole or termination of detention.
In interpreting a statute, the plain language of the statute will be enforced when it applies and clearly requires a certain outcome. Tso v. Navajo Housing Authority, 8 Nav. R. 548, 557, 5 Am. Tribal Law 438, 443 (Nav.Sup.Ct.2004). Provisions of a statute are read comprehensively to further the purposes of the law, making sense of all statutory requirements, and avoiding', whenever possible, the invalidation of any provision. Kesoli v. Anderson Security Agency, 8 Nav. R. 724, 731, 6 Am. Tribal Law 692, 696 (Nav.Sup.Ct.2005), Statutes are to be read and interpreted as a whole. Goldtooth v. Naa Tsis’Aan Community School, 8 Am. Tribal Law 152 (Nav.Sup.Ct.2009). The Court must balance the effects of a literal interpretation against the legislative intent and a reasonable means to accomplish it where a strict construction of tribal law would lead to an absurd result. McCabe v. Walters, 5 Nav. R. 43, 45 (Nav.Ct.App.1985).
The plain language of 9 N.N.C. § 1055(C)(1) is that a family court loses its jurisdiction over a young person when the person turns eighteen, except where the person turns 18 while the proceedings are still on-going (before the court enters its final judgment). In other words, the family court maintains continuing jurisdiction over the new adult over matters that were filed prior to the person turning 18.
The plain language of 9 N.N.C. § 1156(H) is that all judgments (final decision of the court) in force affecting the young person at the time the person turns 18 automatically terminate. In other words, when the person becomes an adult all judgments that were rendered about him or her by the family court are no longer effective.
We agree with the Crownpoint Family Court that Section 1156(H) terminates all judgments affecting a child still in force after a child turns 18 and, therefore, a family court loses continuing jurisdiction once that child turns 18. The Court holds that the mandatory language of Section 1156(H) that judgments automatically terminate supersedes (or swallows) the exception noted in 9 N.N.C. § 1055(C)(1). With this interpretation both statutes are to be *382 read that the jurisdiction of family courts terminate by the child becoming an adult. By enacting Section 1156(H), the legislature obviously decided that the laudatory purpose of the Code that our young people be provided treatment and rehabilitation stops when the young person becomes an adult. The Court makes no comment as to the wisdom of this decision other than to say that the legislature’s decision does not appear to lead to an “absurd” result.
Our holding that family courts have no continuing jurisdiction after a child turns 18 years of age under the Children’s Code does not suggest that the courts of the Navajo Nation are completely without procedural options. In the instant case, the Prosecutor could have charged the child with violation of 9 N.N.C. 1121(A). This statute mandates district court exclusive jurisdiction over a minor who is at least 15 years old. The statute reads as follows:
A. The District Court of the Navajo Nation shall have original exclusive jurisdiction of the following Motor Vehicle Code violations involving a ehild when the person alleged to have committed the violation is a child who has reached his fifteenth birth date:
1. Driving while under the influence of intoxicating liquor or drugs;
2. Failure to stop or leaving the scene in the event of an accident causing death or personal injuries;
3. Reckless driving.
B. If a child is charged with any of the violations specified in Subsection (A) of this Section, the child may be transferred to the Family court at the discretion of the District judge.
9 N.N.C. § 1121(A). Clearly, where such motor vehicle violations occur, the district court automatically has original exclusive jurisdiction. In other words, the family court has no jurisdiction unless the district court transfers it to the family court. Here, all three petitions for the adjudication of a delinquent child were filed originally in the family court. One of those petitions accused the child of driving while intoxicated and damaging his father’s truck by driving it into a guardrail. In the instant case, the child was over 15 at the time of the incident and could have been charged in the district court. Instead the charge was filed in the family court, and the family court lost jurisdiction of the matter when the child turned 18. In other words, had the action originally proceeded in the district court, the district court would have retained jurisdiction beyond the child’s 18th birthday.
Furthermore, Section 1114 of the Children’s Code permits a petition initially filed in the family court to be transferred to the district court. Specifically that provision reads “[ajfter a petition has been filed alleging a delinquent act, the court may, before a hearing on the merit s, transfer the matter for prosecution in the District Court, if [tjhe child was 16 years of age or older at the time the conduct alleged to be a delinquent act was committed and the alleged delinquent act would be a crime if committed by an adult.” The child in the instant wus at least 16 years old at the time of the incident. The family court and the Prosecutor could have exercised this option as the child was nearing the age of 18.
V
Based on the foregoing, we hereby hold that 9 N.N.C. § 1055(C)(1) is superseded by 9 N.N.C. § 1156(H).

. The District Court’s took guidance from a similar holding in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). This Court however established Navajo precedent that where an issue is moot, this Court will address the issue where the issue will likely rise again in other cases and where there is a need for future guidance. See Watson v. Watson. 2010 WL 363057, *9, n. 16, 8 Am. Tribal Law 361, 374, n. 16 (Nav.Sup.Ct.2010); In re Termination of Yazzie and Barney, 1 Am. Tribal Law 539, 540, n. 2 (Nav. Sup.Ct.2007) (Court addresses legal issue after noting rule against advisor) opinions of In re Mental Health Services for Bizardi, 8 Nav. R. 593, 5 Am. Tribal Law 467 (Nav.Sup.Ct.2004)).